CARTER–JONES LUMBER COMPANY, Appellant,

v.

DENUNE et al., Appellees.

[Cite as *Carter–Jones Lumber Co. v. Denune* (1999), 132 Ohio App.3d 430.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 98AP–720.

Decided March 23, 1999.

*John A. Daily Co., L.P.A.,* and *John A. Daily;* *Richard T. Schnars Co., L.P.A.,* and *Richard T. Schnars,* for appellant.

*Terence L. Gallagher Co., L.P.A., Terrence L. Gallagher* and *Keith A. Kavinsky; Michael T. Gmoser Co., L.P.A.,* and *Michael T. Gmoser,* for appellees Harry C. Denune, Dixie Distributing Company, Dixie Distributing, Inc. and Dixie International of Florida.

*Gibson & Robbins–Penniman* and *J. Miles Gibson,* for appellees Joseph L. Baca and Dixie International Company.

---

DESHLER, Judge.

Plaintiff-appellant, Carter–Jones Lumber Company, appeals from a judgment of the Franklin County Court of Common Pleas dismissing appellant's complaint against defendants-appellees, Harry Denune, Dixie Distributing Company, Dixie International of Florida, Inc., Dixie Distributing, Inc., Joseph L. Baca, and Dixie International Company.

Appellant initiated this action seeking to void certain transfers of assets from appellee Dixie Distributing Company ("DDC") to appellees Dixie Distributing, Inc. ("DDI"), Dixie International of Florida ("DIF"), and Dixie International Company ("DIC"). Appellant's amended complaint asserts that it has obtained judgment against Denune and DDC, totaling in excess of $2 million, and that Denune and Baca, as principals of some or all of the corporate appellees, conspired to transfer the assets of DDC to the other corporations, leaving DDC insolvent, and thus frustrate appellant's attempts to collect on its judgment.

The trial court granted appellees' motion to dismiss on the grounds that appellant's complaint did not comply with Civ.R. 9(B), in that it alleged fraud without pleading with particularity the time, place, and content of the false representation giving rise to fraud and the specific subject matter of the fraud. Appellant's brief on appeal does not contain a statement of the assignments of error as required under App.R. 16(A)(3). Nonetheless, the error assigned from the trial court's judgment is readily discernible from the following "Statement of issues presented" contained in appellant's brief:

"1. Did the trial court err in applying the requirements of Ohio Civ.R. 9(B) to plaintiff's statutory fraudulent conveyance action.

"2. Did the trial court err in dismissing plaintiff's complaint for failure to satisfy Ohio Civ.R. 9(B)."

We may thus address the substantive merits of the appeal in the interests of justice, no prejudice to appellees resulting from the appellant's failure to comply with App.R. 16(A)(3).

The sole issue presented by this appeal is whether an action for fraudulent transfer brought pursuant to R.C. 1336.04 is subject to the requirement of particularity in pleading found in Civ.R. 9(B). Civ.R. 9(B) is an exception to the general rule of notice pleading in Ohio and provides as follows:

"(B) Fraud, mistake, condition of the mind

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

The requirement that fraud be pleaded with particularity is based upon the principle that a complaint of fraud frivolously or unjustifiably brought carries greater potential for unjust consequences and thus a higher burden should be placed upon the plaintiff to support general allegations with specific facts. "There are usually three reasons cited for the requirement of particularity. First, particularity is required to protect defendants from the potential harm to their reputations which may attend general accusations of acts involving moral turpitude. Second, particularity ensures that the obligations are concrete and specific so as to provide defendants notice of what conduct is being challenged. Finally, the particularity requirement inhibits the filing of complaints as a pretext for discovery of unknown wrongs." *Korodi v. Minot* (1987), 40 Ohio App.3d 1, 4, 531 N.E.2d 318, 321. Typically, the requirement of particularity includes "the time, place and content of the false representation, the fact misrepresented, and the nature of what was obtained or given as a consequence of the fraud." *Baker v. Conlan* (1990), 66 Ohio App.3d 454, 458, 585 N.E.2d 543, 546.

Appellees argue that the rationale for requiring particularity in pleading for common-law fraud is equally compelling in favor of requiring particularity in statutory actions brought pursuant to Ohio's Fraudulent Transfer Act, R.C. 1336.01 *et seq.* The section at issue is R.C. 1336.04, which provides:

"(A) A transfer made or an obligation incurred by a debtor is fraudulent as to a creditor, whether the claim of the creditor arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation in either of the following ways:

"(1) With actual intent to hinder, delay, or defraud any creditor of the debtor;

"(2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and if either of the following applies:

"(a) The debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction;

" * * * *

"(B) In determining actual intent under division (A)(1) of this section, consideration may be given to all relevant factors, including, but not limited to, the following:

" * * * *

"(4) Whether before the transfer was made or the obligation was incurred, the debtor had been sued or threatened with suit;

"(5) Whether the transfer was of substantially all of the assets of the debtor;

" * * *

"(8) Whether the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred; ·

"(9) Whether the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred."

In contrast, in order to state a claim for fraud at common law, a plaintiff must show (1) a material false representation (2) knowingly made (3) with the intent to induce reliance (4) reasonable reliance upon the misrepresentation by the plaintiff and (5) damages proximately caused by the reliance. *Burr v. Stark Cty. Bd. of Commrs.* (1986), 23 Ohio St.3d 69, 23 OBR 200, 491 N.E.2d 1101, paragraph two of the syllabus; *Schwartz v. Capital S. & L. Co.* (1978), 56 Ohio App.2d 83, 86, 10 O.O.3d 117, 118–119, 381 N.E.2d 957, 959. In comparing the elements of common-law fraud with the statutory action of fraudulent transfer, it is immediately apparent that the causes of action bear very little relation to one another. In particular, the element of misrepresentation, which must be present *ab initio* in a common-law action for fraud, is not found in the statute. Under R.C. 1336.04(A)(1), in order to establish a fraudulent transfer, the plaintiff need only show standing as a creditor and a transfer to hinder, delay, or defraud collection by the creditor. In addition, it has been held that in order to establish a fraudulent conveyance under either R.C. 1336.04 or 1336.05, a creditor "must prove that the debtor was insolvent or would be made so by the transfer in issue and that the transfer was made without fair consideration. * * * Neither the intent of the debtor nor the knowledge of the transferee need be proven." *Sease v. John Smith Grain Co., Inc.* (1984), 17 Ohio App.3d 223, 225, 17 OBR 489, 492, 479 N.E.2d 284, 288.

The Ohio Supreme Court has noted the distinction that may be drawn between common-law fraud and a statutory action for fraudulent conveyance, in addressing a case in which failure to plead with particularity under Civ.R. 9(B) was asserted by defendant:

"This argument confuses the *issue* of a fraudulent conveyance with a *claim* of common-law fraud. Complaints alleging fraud must be pleaded with particularity. Civ.R. 9(B). However, a conveyance may be 'fraudulent as to creditors' under R.C. Chapter 1336 if it renders the debtor insolvent, 'without regard to his actual intent,' and even if there is no evidence of misrepresentation by the

debtor." (Emphasis *sic*.)  *Wagner v. Galipo* (1990), 50 Ohio St.3d 194, 197, 553 N.E.2d 610, 613.

As the above authority demonstrates, there is a substantial difference between an action for common-law fraud and a statutory action for fraudulent conveyance.  As a result, many of the considerations that lead to the requirement of pleading with particularity under Civ.R. 9(B) in cases of common-law fraud are not present in an action for fraudulent conveyance.  We accordingly find that the trial court erred in dismissing appellant's action against both the transferors and transferee corporations, as appellant's complaint clearly alleged an action for fraudulent conveyance pursuant to R.C. Chapter 1336, and the requirements of Civ.R. 9(B) need not be met on these facts.

Appellee Baca has further argued on appeal that even if the action for fraudulent conveyance could be maintained on the present complaint against the other appellees, the trial court's dismissal of him personally should be affirmed because the complaint does not name him as either a transferor or transferee in the fraudulent conveyance.  The trial court's sole ground for dismissing the action was a failure to plead with particularity.  Appellee Baca has not cross-appealed and assigned as error the trial court's failure to find the supplemental grounds for dismissal that he now asserts.  This argument by appellee Baca is not therefore properly before us and will be more appropriately addressed by the trial court upon remand.

In accordance with the foregoing, we find that the issues upon appeal presented by appellant have merit and are sustained, and the judgment of the Franklin County Court of Common Pleas dismissing appellant's action for fraudulent conveyance is reversed.

*Judgment reversed*
*and cause remanded.*

LAZARUS, P.J., and KENNEDY, J., concur.