Dan THOMAS, Plaintiff–Appellant,

v.

PUBLISHERS CLEARING HOUSE, INC. and Daniel P. Doyle, Defendants–Appellees.

No. 00–3948.

United States Court of Appeals, Sixth Circuit.

Feb. 5, 2002.

Before SUHRHEINRICH and COLE, Circuit Judges; and COLLIER, District Judge.*

* The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

## OPINION

COLE, Circuit Judge.

Plaintiff–Appellant Dan Thomas alleges that Defendants–Appellees Publishers Clearing House, Inc. ("PCH") and Daniel P. Doyle, PCH's treasurer, informed Thomas that he had won a grand prize in the amount of $3.5 million and then refused to pay him. Thomas alleges that in refusing to pay him the grand prize, Defendants breached their contract with him and that such breach was fraudulent. Finding that Thomas's breach of contract claim failed to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6), and his Ohio law fraud claim was not pleaded with particularity under Fed. R.Civ.P. 9(b), the district court granted Defendants' motion to dismiss. Before this court is Thomas's appeal from that judgment. For the reasons set forth below, we AFFIRM the judgment of the district court in its entirety.

## I. BACKGROUND

Thomas claims that he first received mailings from PCH in the fall of 1997 encouraging him to purchase magazines in exchange for which he could qualify to receive a grand prize of $3.5 million. Over the course of the next year, Thomas claims to have purchased over $700 in magazine subscriptions through PCH.

According to his complaint, Thomas received telephone calls beginning in January 1998 from PCH stating that he had won the $3.5 million prize. Some of these calls allegedly included encouragement to invite his friends to a party at which PCH would provide the food and entertainment when they delivered the $3.5 million check to Thomas. Thomas later received a letter confirming that he was the winner of the grand prize.

Thomas demanded payment of the $3.5 million prize but PCH refused. Thomas's complaint states that he relied on the prize letter, and suffered "emotional distress, embarrassment, and humiliation" as a result of PCH's refusal to pay him the prize money. Thomas timely opted out of a class action suit, *Vollmer v. Publishers Clearing House*, No. CV–99–434–GPM (S.D.Ill. May 29, 2001), in order to pursue this action.

Thomas filed his complaint in the United States District Court for the Northern District of Ohio, alleging breach of contract and fraudulent breach of contract claims under Ohio law. Attached to the complaint was a copy of the letter allegedly offering Thomas the grand prize. PCH filed a motion to dismiss the complaint under Rule 12(b)(1), (2), (5), and (6), and Rule 9(b) of the Federal Rules of Civil Procedure. Pursuant to Rule 10(c), PCH attached an explanatory note and a copy of the Official Rules—both of which generally accompany the PCH mailing—to its motion to dismiss. The explanatory note states, "Here's a draft of the letter I'll write should you win our Superprize...." The Official Rules add more conditional language—noting that Plaintiff's entry "will be eligible for all Giveaways" and that winners of $10,000 or more will only be contacted in person. Paragraph five of the Official Rules also describes the method for entering without subscribing to any magazines.

Thomas did not object to PCH's inclusion or the district court's consideration of these documents in his response memorandum. The district court granted the motion to dismiss under Rules 12(b)(6) and 9(b). This timely appeal followed.

## II. DISCUSSION

### A. BREACH OF CONTRACT UNDER OHIO LAW

#### 1. Standard of Review

We review *de novo* a district court's dismissal of a complaint under Rule

12(b)(6) for failure to state a claim upon which relief can be granted. *Begala v. PNC Bank,* 214 F.3d 776, 779 (6th Cir. 2000). Dismissal under Rule 12(b)(6) is appropriate where it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Bloch v. Ribar,* 156 F.3d 673, 677 (6th Cir.1998). All of the well-pleaded allegations of the complaint must be treated as true, though we need not accept Plaintiff's legal conclusions or draw unwarranted factual inferences. *Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 405–06 (6th Cir.1998); *Weiner v. Klais & Co.,* 108 F.3d 86, 88 (6th Cir.1997). We also review *de novo* a district court's legal conclusion regarding formation of a contract. *Potti v. Duramed Pharm., Inc.,* 938 F.2d 641, 647 (6th Cir.1991).

### 2. Analysis

■ Thomas submits that PCH created a binding contract with its telephone calls and letter, and later breached that contract by refusing to pay him the award prize. He argues that his breach of contract complaint has stated claims upon which relief can be granted. There are four main elements of a breach of contract claim: (a) the existence of a contract; (b) performance by the plaintiff; (c) breach by the defendant; and (d) damage or loss to the plaintiff. *Doner v. Snapp,* 98 Ohio App.3d 597, 649 N.E.2d 42, 44 (1994). Ohio law provides that "interpretation of written contract terms is a matter of law for initial determination by the court." *Constr. Interior Sys., Inc. v. Marriott Family Rests., Inc.,* 984 F.2d 749, 754 (6th Cir.1993) (quoting *Potti,* 938 F.2d at 647). A motion to dismiss for failure to state a claim is likely to be granted where "a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER,

FEDERAL PRACTICE & PROCEDURE § 1357 (2d ed.1990).

■ Reading all well-pleaded allegations of Thomas's complaint as true, the complaint does not present evidence of a contract sufficient to survive a Rule 12(b)(6) motion. The prize letter itself does purport to award Thomas the grand prize. Although it has the word "draft" stamped over the text in large block letters, the limitations of word "draft" are not defined within the text of the letter. Taken alone, the letter may provide evidence of a contract sufficient for the complaint to survive a Rule 12(b)(6) motion. However, Rule 10(c) allows the incorporation of exhibits or writings attached to a pleading, Fed. R.Civ.P. 10(c), and "makes them an integral part of the pleadings for all purposes." 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1327 (2d ed.1990). Where the plaintiff "fails to introduce a pertinent document as part of his pleading, defendant may introduce the exhibit as part of his motion attacking the pleading." *Id.; Greenberg v. Life Ins. Co. of Virginia,* 177 F.3d 507, 514 (6th Cir.1999); *Weiner v. Kleis & Co.,* 108 F.3d 86, 89 (6th Cir.1997).

■ PCH did just this in its motion to dismiss, attaching the explanatory note and Official Rules that it claims accompanied the prize letter. Although at oral argument Thomas alleged that the explanatory note and Official Rules did not accompany the "draft" prize letter, he raised no objections to their inclusion in PCH's motion to dismiss in his response memorandum or in his briefs on appeal to this Court. We find that Thomas waived his claim that he had received only the prize letter because he did not object when PCH attached the explanatory note and Official Rules to its motion to dismiss or when the district court included them in the com-

plaint under Rule 10(c). *Bush v. Dictaphone*, 161 F.3d 363, 370 (6th Cir.1998) (citing *Kocsis v. Multi–Care Mgmt., Inc.*, 97 F.3d 876, 881 (6th Cir.1996)). Accordingly, the prize letter, explanatory note, and Official Rules should be viewed together in determining whether a contract had been formed. See *Abram & Tracy, Inc. v. Smith*, 88 Ohio App.3d 253, 623 N.E.2d 704, 708 (1993) (noting that a contract should be interpreted as a whole, including all writings part of the same transaction).

In general, the type of PCH mailing Thomas received usually does not create a valid contract; it is instead an offer to participate in the sweepstakes.[1] See *Workmon v. Publishers Clearing House*, 118 F.3d 457, 459 (6th Cir.1997) (finding that the sweepstakes held by PCH merely offered the opportunity to enter a contest in which the plaintiff could have won the grand prize and that the plaintiff's belief he had won was not reasonable). Considering the prize letter, explanatory note, and Official Rules together, we find Thomas cannot show the formation of a contract. Absent a contract, Thomas's complaint cannot survive a Rule 12(b)(6) motion to dismiss. See *Doner*, 649 N.E.2d at 44.

We therefore affirm the district court's grant of the Rule 12(b)(6) motion to dismiss Thomas's breach of contract complaint.

### B. FRAUDULENT BREACH OF CONTRACT

#### 1. Standard of Review

Fraud claims alleged under Fed. R.Civ.P. 9(b) must be pleaded with partic-

ularity, and general allegations of fraud are not sufficient. *VanDenBroeck v. CommonPoint Mortgage Co.*, 210 F.3d 696, 701 (6th Cir.2000).

#### 2. Analysis

Plaintiff submits that Defendants' breach of contract was "intentional, fraudulent, and in bad faith," thus requesting compensatory damages of fifteen million dollars and punitive damages of five million dollars. State law governs the burden of proving fraud. 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1297 (2d ed.1990). In Ohio, a claim of fraudulent breach is dependent upon both a valid contract and a breach of this contract. *Glassner v. R.J. Reynolds Tobacco Co.*, 223 F.3d 343, 352 (6th Cir.2000).

Because we found above that Thomas cannot show the existence of a contract, Thomas's fraudulent breach of contract claim has no merit and fails under both Rule 9(b) and Rule 12(b)(6).

We therefore affirm the judgment of the district court in dismissing Thomas's fraud claim.

### III. CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court in its entirety.

---

1. Defendants cite a number of other cases in which PCH has been a party, and where the court has concluded that no reasonable person could reach the conclusion that a binding contract had been formed. See *Fozard v. Publishers Clearing House, Inc.*, No. 1:98CV00149, slip op. at 6 (M.D.N.C. Apr. 29, 1999), aff'd, No. 99–1740, 2000 WL 139264 (4th Cir. Feb 8, 2000); *Rich v. Publishers Clearing House*, No. 4:98cv178–C, slip op. at 3–4 (W.D.N.C. Nov. 18, 1998); *McGaha v. Publishers Clearing House*, Case No. 99–CP–39–127 (D.S.C. July 13, 1999).