[Cite as *JPMorgan Chase Bank, N.A. v. Allton*, 2014-Ohio-3742.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JPMorgan Chase Bank, N.A., | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 14AP-228 |
| v. | : | (C.P.C. No. 13CV-2539) |
| Todd Allton & Carrie Allton, | : | (REGULAR CALENDAR) |
| Defendants-Appellants. | : | |

## D E C I S I O N

### Rendered on August 28, 2014

*Thompson Hine LLP, Thomas Wyatt Palmer* and *Michael L. Dillard, Jr.*, for appellee.

*Philip Wayne Cramer*, for appellants.

### APPEAL from the Franklin County Court of Common Pleas

CONNOR, J.

{¶ 1} Defendants-appellants, Todd and Carrie Allton ("appellants"), appeal from a judgment of the Franklin County Court of Common Pleas resulting from the granting of a motion for summary judgment filed by plaintiff-appellee, JPMorgan Chase Bank, N.A. ("Chase"). For the reasons that follow, we affirm the judgment of the trial court.

## A. Facts and Procedural History

{¶ 2} In March 2000, appellants executed a first mortgage on real property located at 5171 Singleton Drive, Hilliard, Ohio ("Mortgage"), as security for a $70,000 promissory note ("Note") to First National Funding ("FNF"). The complaint filed in this case alleges the following: FNF assigned the Mortgage to Gold Banc Mortgage, Inc. ("Gold Banc"), on April 6, 2000, and endorsed the Note to Gold Banc pursuant to an "Allonge To Note"; Gold Banc subsequently assigned the Mortgage to Banc One Financial Services, Inc. ("Banc One") on April 13, 2000, and endorsed the Note to Banc One pursuant to an

"Allonge To Note"; and Chase became the successor to Banc One's interest in both the Mortgage and Note by virtue of a merger in 2006.

{¶ 3}   When appellants defaulted on payment, Chase commenced a foreclosure action in the Franklin County Court of Common Pleas on March 8, 2013. The complaint sought a judgment on the note in the amount of $62,551.84, plus interest at 10.55 percent per annum from March 1, 2011, court costs, advances, and other allowable charges. Chase also named Hilliard Heights Condominium No. 2 Association ("Hilliard Heights"), as a defendant to the complaint in recognition of Hilliard Heights' judgment lien against the property filed February 21, 2013. Appellants filed an answer to the complaint and a counterclaim alleging a violation of R.C. 2921.03 (Intimidation of a public official). In that same pleading, appellants asserted a "third-party cross-claim" against Chase's trial counsel, Channing Ulbrich, alleging fraud.[1] Hilliard Heights filed an answer and cross-claim against appellants seeking to enforce their lien in the principal sum of $3,254.50, plus interest.

{¶ 4}   On December 13, 2013, Chase filed a motion for summary judgment both as to its claims for relief and the counterclaim. Appellants did not oppose the motion. On February 20, 2014, the trial court granted the motion for summary judgment and issued a Judgment and Decree in Foreclosure in favor of Chase in the amount sought in the complaint. The trial court also granted summary judgment in favor of Chase as to appellants' counterclaim. Appellants filed a timely notice of appeal to this court on March 20, 2014.

## B. Assignments of Error

{¶ 5}   App.R. 16(A) requires that an "appellant shall include in its brief, under the headings and in the order indicated * * * [a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected," and a "statement of the issues presented for review, with references to the assignments of error to which each issue relates." App.R. 16(A)(3) and (4). Appellants' brief does not satisfy either of these requirements.  However, appellants' merit brief does include the following propositions of law:

---

[1] Appellants did not request service upon Ulbrich and Ulbrich is not a party to this action.

> [I.] Counsel for JP Morgan Chase caused to be filed a fraudulent Affidavit of Assignment purportedly from Gold Banc Mortgage Inc. directly to J.P. Morgan Chase Bank, N.A. knowing that a foreclosure judgment had been granted to Bank One.
>
> [II.] A Court is without jurisdiction to foreclose on an Affidavit of Assignment when another Court previously entered a foreclosure judgment against the same property.

{¶ 6} This court has previously stated that "appellant's failure to follow the dictates of App.R. 16(A) is equivalent to not filing a brief at all and would, in and of itself, be grounds for dismissing the appeal." *Gomez v. Kiner,* 10th Dist. No. 11AP-767, 2012-Ohio-1019, ¶ 7, citing App.R. 3(A) and 18(C). However, in *Carter-Jones Lumber Co. v. Denune*, 132 Ohio App.3d 430 (10th Dist.1999), we elected to reach the merits of an appeal even though appellants' brief did not contain a statement of the assignments of error. *Id.* at 432. In *Carter-Jones Lumber Co.,* we explained that "the error assigned from the trial court's judgment is readily discernible" from appellants' "[s]tatement of issues presented," and that there is "no prejudice to appellees resulting from the appellant's failure to comply with App.R. 16(A)(3)." *Id.*

{¶ 7} In this case, the assignments of error are readily discernible from appellants' propositions of law, and Chase has responded to appellants' propositions of law as if they were assignments of error. Accordingly, we perceive no prejudice to appellee resulting from appellants' failure to comply with App.R. 16(A)(3) and (4), and we will reach the merits of this appeal.[2]

## C. Standard of Review

{¶ 8} Appellate review of summary judgment motions is de novo. *Helton v. Scioto Cty. Bd. of Commrs.*, 123 Ohio App.3d 158, 162 (4th Dist.1997). "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." *Mergenthal v. Star Banc Corp.*, 122 Ohio App.3d 100, 103 (12th Dist.1997).

{¶ 9} Summary judgment is proper only when the party moving for summary judgment demonstrates that: (1) no genuine issue of material fact exists, (2) the moving

---

[2] Appellants do not contest the trial court's judgment in favor of Chase as to the counterclaim and we will not address the merits of that portion of the judgment herein.

party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in that party's favor. Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997).

{¶ 10} Civ.R. 56(E) states that when a motion for summary judgment is properly made and supported by a party seeking affirmative relief, the nonmoving party may not rest upon the mere denials of the pleadings. *Todd Dev. Co., Inc. v. Morgan,* 116 Ohio St.3d 461, 2008-Ohio-87, ¶ 11. Instead, the burden shifts to the defending party to set forth specific facts showing that there is a genuine issue for trial. *Id.* If the defending party does not so respond, summary judgment, if appropriate, may be entered in favor of the party seeking affirmative relief. *Id.*

**D. Legal Analysis**

{¶ 11} Both of appellants' propositions of law raise questions regarding Chase's standing to prosecute this action and the defense of res judicata. Accordingly, we will consider them together.

**1. Standing**

{¶ 12} Summary judgment in a foreclosure action is not appropriate unless the party seeking foreclosure demonstrates that it is entitled to enforce the note and had an interest in the mortgage on the date it filed the complaint. *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, ¶ 28. "Although a party must prove that it had standing when the foreclosure complaint was filed, such proof may be provided after the filing of the complaint." *Wells Fargo Bank, N.A. v. Odita,* 10th Dist. No. 13AP-663, 2014-Ohio-2540, ¶ 15, citing *Bank of New York Mellon v. Watkins,* 10th Dist. No. 11AP-539, 2012-Ohio-4410, ¶ 18. " '[T]he issue of standing, inasmuch as it is jurisdictional in nature, may be raised at any time during the pendency of the proceedings.' " *Schwartzwald* at ¶ 22, quoting *New Boston Coke Corp. v. Tyler,* 32 Ohio St.3d 216, 218 (1987).

{¶ 13} In support of its summary judgment motion, Chase submitted the affidavit of Aaron Kaufman, assistant secretary, who avers in relevant part as follows:

> 1. Chase is the successor by merger to Banc One Financial
> Services Inc.

* * *

3. A Note dated March 31, 2000, in the original principal amount of $70,000 (the "Note") was signed by or on behalf of Todd A. Allton (the "Borrower"), and was secured by a Mortgage on a property located at 5171 Singleton Drive, Hilliard, Ohio 43026 that the Borrower also signed and also is dated March 31, 2000 (the "Mortgage"). Also recorded is an Assignment of Deed of Trust/Mortgage dated March 31, 2000, by which the Mortgage was assigned to Gold Banc Mortgage, Inc. (the "Gold Banc Assignment"). Gold Banc Mortgage, Inc. then assigned the Mortgage to Banc One Financial Services, Inc., by an Assignment of Deed of Trust/Mortgage dated April 13, 2000 (the "Banc One Assignment"). The original of the Banc One Assignment was lost or destroyed before it could be recorded. Accordingly, in October 2012, Chase recorded an Affidavit of Assignment stating that the Mortgage was assigned to it.

* * *

6. Chase is in possession of the original Note and the original Mortgage, and was in possession of those documents prior to and at the time of filing of the Complaint in this action.

(Chase's Motion for Summary Judgment, exhibit No. 1.)

{¶ 14} A copy of the "Affidavit of Assignment" is attached to Chase's motion for summary judgment as "Exhibit E." The document bears the notarized signature of Chase's Vice President, Cheryl Spence, dated October 4, 2012. The "Affidavit of Assignment" states in relevant part:

1. THAT Todd A. Allton, a single person, CONVEYED A MORTGAGE/DEED OF TRUST, DATED March 31, 2000, IN THE AMOUNT OF $70,000.00, FOR PROPERTY LOCATED AT 5171 Singleton Drive, Hilliard, OH 43026 TO First National Funding, LLC AND WAS RECORDED WITH THE Franklin COUNTY CLERK'S OFFICE IN Instr. #200004060065753 on April 05, 2000.

2. THAT THE MORTGAGE WAS ASSIGNED TO JPMorgan Chase Bank, N.A., 1111 Polaris Parkway, Columbus, OH 43240 HOWEVER, THE ORIGINAL OF THE SAID ASSIGNMENT TO JPMorgan Chase Bank, N.A., WAS LOST MISPLACED OR

DESTROYED BEFORE SAME COULD BE PLACED OF RECORD WITH THE Franklin COUNTY CLERK'S OFFICE.

3. THAT Gold Banc Mortgage, Inc., ITS SUCCESSORS AND/OR ASSIGNEE IS NO LONGER IN BUSINESS OR DOES NOT RESPONSD [sic] TO OUR REQUEST FOR A DUPLICATE ASSIGNMENT, AND THEREFORE, A DUPLICATE ORIGINAL OF THE SAID ASSIGNMENT CANNOT BE OBTAINED.

4. THAT THE SAID MORTGAGE HAS NOT BEEN ASSIGNED BY Gold Banc Mortgage, Inc. TO ANY OTHER PARTY.

{¶ 15} Chase also submitted the affidavit of trial counsel, Wyatt A. Palmer, who avers that he is in possession of an original "Certificate of Merger issued by the Indiana Secretary of State showing that [Banc One] merged out of existence and into [Chase] in March 2006." (Chase's Motion for Summary Judgment, exhibit No. 2, ¶ 2.) Attached to Chase's motion for summary judgment as "Exhibit D" is a copy of the unrecorded assignment from Gold Banc to Banc One. The document bears a notary stamp verifying that Peggy J. Maltz, vice president of Gold Banc, signed the document on April 13, 2000.

{¶ 16} The "Affidavit of Assignment" submitted by Chase, provides statutory notice that the assignment to Chase was lost, misplaced or destroyed before recordation.[3] As noted above, appellants did not oppose the motion for summary judgment. Consequently, appellants presented no evidence to support their claim that the "Affidavit of Assignment" is fraudulent. Appellants' merit brief in this court contains nothing more than a bald assertion that Chase's counsel "should not be free to utilize documents created by persons using robo signatures." Although the "Affidavit of Assignment" avers that Gold Banc assigned the Note and Mortgage directly to Chase, when in fact Gold Banc's assignment was to Banc One, the affidavits of Kaufman and Palmer establish that Chase is the legal successor to Banc One by operation of the 2006 merger.

{¶ 17} In short, our de novo review of the record reveals no support for appellants' fraud claim. Furthermore, based upon the unchallenged affidavits submitted by Chase,

---

[3] Under R.C. 5301.252(B)(3), such an affidavit may state facts relating to "[t]he happening of any condition or event that may create or terminate an estate or interest * * *." *HSBC Bank, USA v. Maust*, 5th Dist. No. 13 CA 82, 2014-Ohio-3170, ¶ 50.

there is no doubt that Chase had standing to bring a foreclosure action upon the Note and Mortgage.

**2. Res Judicata**

{¶ 18} Appellants argue that res judicata bars Chase from obtaining a judgment and decree in foreclosure in this action because Banc One has previously foreclosed on the property. Under the doctrine of res judicata, "an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit." *Rogers v. Whitehall*, 25 Ohio St.3d 67, 69 (1986). The doctrine serves the valid policy of ultimately ending any given litigation and ensuring that no party will be required to relitigate the same cause. *Natl. Amusements, Inc. v. Springdale,* 53 Ohio St.3d 60 (1990).

{¶ 19} We find that appellants waived the affirmative defense of res judicata by failing to assert it in the trial court. Pursuant to Civ.R. 12(B), a party waives the affirmative defense of res judicata " 'if not raised in the pleadings or in an amendment to the pleadings.' " *Hillman v. Edwards*, 10th Dist. No. 10AP-950, 2011-Ohio-2677, ¶ 14, quoting *Jim's Steak House, Inc. v. Cleveland*, 81 Ohio St.3d 18, 20 (1998). Appellants did not assert the defense of res judicata in their answer to the complaint. Therefore, appellants waived the defense for purposes of this appeal. *Id.*

{¶ 20} Moreover, as noted above, appellants did not oppose the motion for summary judgment. Accordingly, even if we were to consider appellants' res judicata defense, the prior judgment upon which appellants now rely is not part of the record in this case. Chase's complaint in this case acknowledges only that Hilliard Heights previously obtained a judgment lien against the property. Hilliard Heights' cross-claim seeks to enforce the judgment in the event of sale. Thus, the record in this case contains no evidence that Banc One asserted a claim against appellants in the prior litigation and no proof that Banc One obtained a judgment and decree in foreclosure in the prior litigation.

{¶ 21} We note that appendix A to appellants' merit brief purports to be a copy of a decision issued by the Franklin County Common Pleas Court in the prior litigation. Therein, the court denied Banc One's motion to substitute Chase as a defendant and for leave to assert a cross-claim against appellants. In denying the motion, the trial court

stated "[t]here is a judgment in place that disposed of all claims." (Appellants' merit brief, appendix A.)

{¶ 22} As a general rule, it is appellants' duty to show error by reference to matters in the record. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). "A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." *State v. Ishmail,* 54 Ohio St.2d 402 (1978), paragraph one of the syllabus. However, even if we were to consider this appendix, it proves only that appellants and Banc One were co-defendants in the prior litigation. Thus, appellants' appendix establishes that any claim by Banc One against appellants would have been permissive in nature rather than compulsory. *See Huntington Natl. Bank v. Ross,* 130 Ohio App.3d 687, 694 (10th Dist.1998), citing Civ.R. 13 (because mortgagee and mortgagor were co-defendants in a tax foreclosure action brought by the county treasurer, the compulsory counterclaim rule did not apply and mortgagee was not required to bring all of its foreclosure claims against the mortgagor in that action). *See also Fifth Third Bank v. Hopkins,* 177 Ohio App.3d 114, 2008-Ohio-2959, ¶ 10 (9th Dist.); *SunTrust Bank v. Wagshul*, 2d Dist. No. 25567, 2013-Ohio-3931, ¶ 8.

{¶ 23} In short, we find that the res judicata argument is both factually unsupported and legally flawed.

**E. Conclusion**

{¶ 24} Based upon the foregoing, we find that there are no genuine issues of material fact and that Chase is entitled to judgment as a matter of law. Accordingly, we hold that the trial court did not err when it granted summary judgment in favor of Chase. Having overruled each "proposition of law" asserted by appellants, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK and BROWN, JJ., concur.

_____