**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0880n.06

No. 14-1139

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
*Nov 21, 2014*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| CLARENCE OTWORTH, | ) | |
| | ) | |
| **Plaintiff-Appellant,** | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| WANDA BUDNIK, LISA SWANSON, | ) | DISTRICT OF MICHIGAN |
| PAUL ALLEN BIXLER, F.E. TRONCONE, | ) | |
| P. BRIAN MOORE, PHILLIP C. BODLE, | ) | |
| BARBARA A. IBOLD, JONATHAN | ) | **OPINION** |
| MEADE, AND UNKNOWN PARTIES, | ) | |
| | ) | |
| **Defendants-Appellees.** | ) | |
| | ) | |

Before: DAUGHTREY, MOORE, and CLAY, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.** Of all the tax avoidance schemes, this case almost certainly involves one of the strangest. In his complaint, Clarence Otworth alleges that the Village of Lakewood Club was falsely incorporated in 1967 and has been illegally assessing taxes on his property ever since. By collecting mortgage payments from him, Otworth asserts that Fifth Third Bank has been complicit in this illicit collection scheme.

Otworth brought suit against local officials and Fifth Third employees, alleging violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), fraud, and breach of fiduciary duty. Otworth, however, has failed to state a claim upon which relief may be granted. Accordingly, we **AFFIRM** the district court's judgment granting defendants' motions to dismiss.

## I. BACKGROUND

According to Otworth, "Lakewood Club is an unincorporated village that has successfully pretended to be incorporated since June 28, 1967." R. 1 (Complaint at ¶ 34) (Page ID #5). By "masquerading as a legitimate Michigan Municipality," Otworth alleges, Lakewood Club has been able to levy property taxes illegally against him. *Id.* at ¶ 36 (Page ID #5). As Otworth's mortgagor, Fifth Third Bank is allegedly a co-conspirator in this scheme—it collects mortgage payments from Otworth, and then directs part of the payment to offset Otworth's property taxes. In his complaint, Otworth charges officials from Lakewood Club and employees at Fifth Third Bank with violations of RICO, fraud, and breach of fiduciary duty. *Id.* at ¶¶ 210-229 (Page ID #18-22). The district court granted defendants' motions to dismiss. *See* R. 72 (Dist. Ct. Op. & Order 5) (Page ID #343). On appeal, Otworth contends that the district judge erred in its decision below. In addition, he alleges that the district court failed to take judicial notice of various Michigan laws, which he believes compels the conclusion that the Village of Lakewood Club was illegally incorporated. Appellant Br. at 4.

## II. DISCUSSION

We review the district court's decision to grant defendants' motions to dismiss de novo. *See Seaton v. TripAdvisor LLC*, 728 F.3d 592, 596 (6th Cir. 2013). Under the Supreme Court's decisions in *Iqbal* and *Twombly*, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" in order "[t]o survive a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 570 (2007)). Although "[m]atters outside of the pleadings are not to be considered by a court in ruling on a 12(b)(6) motion to dismiss," documents attached "'to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim.'" *Weiner v. Klais & Co.*, 108 F.3d 86, 88-89 (6th Cir. 1997) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). Here, Otworth's claims fail on their face, making dismissal appropriate. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (citation omitted).

## A. RICO

In order properly to allege a RICO claim, Otworth must show "'(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 404 (6th Cir. 2012) (quoting *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985)). "A plaintiff must allege each element" in order "to properly state a claim" upon which relief may be granted. *Id.* In addition, a plaintiff must show injury to his or her business or property. *See Jackson v. Sedgwick Claims Mgmt. Servs., Inc.*, 731 F.3d 556, 562 (6th Cir. 2013) (en banc).

Otworth's complaint names two RICO-related "injuries"—physical injury in the form of a torn aorta from the "emotional stress of being forced to continue to pay a property tax to an unincorporated village" and money damages "in an amount to be proven at trial." R. 1

(Complaint at ¶¶ 135-36, ¶ 218) (Page ID #12, 20). Yet, as we held in *Jackson*, physical injuries are not cognizable under RICO. 731 F.3d at 565. Liberally construed, the request for money damages could convey a claim for compensatory damages based on the money Otworth was forced to pay towards property taxes levied by the Village.

Yet, in order to recover such damages, Otworth must show that either the Village of Lakewood Club or Fifth Third Bank engaged in a pattern of racketeering activity. Under RICO, Otworth must show that the defendants committed one of the predicate acts of racketeering, as identified in 18 U.S.C. § 1961(1)(B). Otworth's complaint is not altogether clear on this point. At various places, he alleges theft, *see* R. 1 (Complaint at ¶ 63) (Page ID #7); unlawful threat of foreclosure, *see id.* at ¶ 94 (Page ID #9); mortgage fraud, *see id.* at ¶ 64 (Page ID #7); unlawful assessment, collection, and receipt of property taxes, *see id.* at ¶ 62, 109-10 (Page ID #7, 10); and mail fraud, *see id.* at ¶ 155 (Page ID #14). Of these charges, theft, unlawful threat of foreclosure, and mortgage fraud are not recognized as predicate acts under RICO, and can be dismissed immediately. 18 U.S.C. § 1961(1)(B); *cf. McDonald v. Schencker*, 18 F.3d 491, 495-96 (7th Cir. 1994) (noting that conversion is not a *per se* predicate act under §1961(1)(B), and ultimately concluding that the offense conduct "does not constitute a predicate act for purposes of RICO.").

Although the unlawful collection of debt is considered a predicate offense, RICO defines "unlawful debt" as a debt "incurred or contracted in gambling activity" or "which is unenforceable under State or Federal law in whole or in part . . . because of the laws relating to

4

usury." 18 U.S.C. § 1961(6). Otworth's complaint comes within neither category. Similarly, although mail fraud is also considered a predicate offense, Otworth's complaint is bare of any factual allegations that would render his legal claim plausible. In paragraph after paragraph, he alleges that the defendants engaged in mail fraud and racketeering, stating, for example, that "Swanson knowingly committed mail fraud every July when she mailed demands for the payment of property taxes to the people who own land in the Village of Lakewood Club." R. 1 (Complaint at ¶ 155) (Page ID #14). Yet nowhere in his complaint does Otworth assert facts sufficient to turn his claim into a viable one.

Instead, case law indicates that, regardless of any alleged irregularities in Lakewood Club's initial incorporation, Otworth cannot now challenge its existence, because the community's residents and the State of Michigan have acquiesced in its existence for decades. *See, e.g.*, *Stuart v. Sch. Dist. No. 1 of Vill. of Kalamazoo*, 30 Mich. 69, 72-73 (1874) (describing doctrine of acquiescence and noting that "[i]f every municipality must be subject to be called into court at any time to defend its original organization and its franchises at the will of any dissatisfied citizen who may feel disposed to question them, . . . it may very justly be said that few of our municipalities can be entirely certain of the ground they stand upon, and that any single person, however honestly inclined, if disposed to be litigious, or over technical and precise, may have it in his power in many cases to cause infinite trouble, embarrassment, and mischief."). Otworth has never rebutted these points. The district court did not, in sum, err in granting defendants' motion to dismiss.

### B. Fraud

Otworth's fraud claims are of a piece. As the district court pointed out, the elements of a fraud claim are slightly different in Ohio and Michigan. *See* R. 61 (Report & Recommendation at 8-9) (Page ID #261-62). While Lakewood Club is located in Michigan, most of the defendants are in Ohio. Still, the choice of law is ultimately immaterial, as Otworth's claim would fail under both Michigan and Ohio law.

To succeed on a claim of fraud, both Michigan and Ohio require Otworth to show that the defendants "knowingly" made a false representation. *Roberts v. Saffell*, 760 N.W.2d 715, 719 (Mich. Ct. App. 2008); *Carter-Jones Lumber Co. v. Denune*, 725 N.E.2d 330, 333 (Ohio Ct. App. 1999). Here, Otworth alleges that the defendants "know[] the Village of Lakewood Club is not incorporated." *See, e.g.*, R. 1 (Complaint at ¶ 71) (Page ID #8). Yet simply alleging knowledge in the circumstances of this case is insufficient. *Cf.* Fed. R. Civ. P. 9(b). Otworth must provide a factual basis to show defendants plausibly could have known their statements to be false—particularly, again, in light of case law which suggests that municipalities can be incorporated by acquiescence. This he has not done. Otworth's fraud claims fail on their face.

### C. Breach of Fiduciary Duty

Finally, Otworth alleges breach of fiduciary duty. Yet, in order to proceed, Otworth must show that the defendants actually owed him a fiduciary duty. Defendants include employees from Fifth Third Bank, which serves as Otworth's mortgagor, and local government officials. Neither group owed Otworth a fiduciary duty. Michigan and Ohio courts have found that lenders

generally do not owe a fiduciary duty to their borrowers. *See, e.g.*, *Farm Credit Servs. of Michigan's Heartland, P.C.A. v. Weldon*, 591 N.W.2d 438, 447 (Mich. Ct. App. 1998); *Needham v. The Provident Bank*, 675 N.E.2d 514, 522 (Ohio Ct. App. 1996). Nor does a fiduciary relationship exist in the levying and collection of taxes—there is simply no expectation of a relationship here built on trust and confidence.

To be sure, it is possible that a fiduciary duty might arise in certain circumstances, depending on the specific facts of the situation and whether "both parties understand that a special trust or confidence has been reposed." *Stone v. Davis*, 419 N.E.2d 1094, 1098 (Ohio 1981). Yet Otworth's complaint fails to specify any facts sufficient for his claim to rise above a mere unilateral allegation. The district court correctly granted defendants' motions to dismiss.

## D. Judicial Notice

On appeal, Otworth argues that the district court erred by failing to take "judicial notice" of the exhibits he attached to his complaint. We construe his appeal as arguing that the district court failed to consider the exhibits as part of the pleadings pursuant to Federal Rule of Civil Procedure 10(c). *See*, *e.g.*, *Thomas v. Publishers Clearing House, Inc.*, 29 F. App'x 319, 322 (6th Cir. 2002) ("Rule 10(c) allows the incorporation of exhibits or writings attached to a pleading, Fed. R. Civ. P. 10(c), and 'makes them an integral part of the pleadings for all purposes.'") (quoting 5 Charles Alan Wright & Arthur R. Miller, Fed. Practice & Proc. § 1327 (2d ed. 1990)). However, the exhibits attached were merely copies of relevant statutory and legal documents that Plaintiff relied on to support his conclusion that the Village is illegally

incorporated. Because a court considering a motion to dismiss "is not obligated to accept alleged legal conclusions as true," the court is not required to draw the same conclusion that Plaintiff drew from the exhibits. *Never Tell Farm, LLC v. Airdrie Stud, Inc.*, 123 F. App'x 194, 197 (6th Cir. 2005). However, whether the district court failed to consider the exhibits is immaterial. Under Ohio law regarding acquiescence in municipal status, as discussed above, Plaintiff cannot now challenge the Village's authority to collect taxes.

## III.  CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's judgment granting defendants' motions to dismiss.