[Cite as *Gershuny v. Gershuny*, 2015-Ohio-4454.]

# IN THE COURT OF APPEALS

## FIRST APPELLATE DISTRICT OF OHIO

## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| PAMELA GERSHUNY, | : | APPEAL NO. C-140482 |
| | | TRIAL NO. A-1209863 |
| Plaintiff-Appellant, | : | |
| vs. | : | *O P I N I O N.* |
| DAVID H. GERSHUNY, | : | |
| SHIRLEY GERSHUNY, | : | |
| and | : | |
| DAILY PLANET PROPERTIES, INC., | : | |
| Defendants-Appellees. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: October 28, 2015

*Pamela Gershuny,* pro se,

*Finney Law Firm LLC*, *Christopher P. Finney, Braley M. Gibson* and *Brian C. Shrive*, for Defendant-Appellee Shirley Gershuny.

*Law Firm of Curt C. Hartman* and *Curt C. Hartman*, for Defendants-Appellees David H. Gershuny and Daily Planet Properties, Inc.

Please note: this case has been removed from the accelerated calendar.

**STAUTBERG, Judge.**

{¶1} Plaintiff-appellant Pamela Gershuny ("Pamela") appeals the trial court's order granting summary judgment in favor of defendants-appellees, David H. Gershuny ("David"), Shirley Gershuny ("Shirley"),[1] and Daily Planet Properties, Inc., ("DPP") in a fraudulent-transfer action.

{¶2} David was the sole owner of DPP, a company that was incorporated in Ohio in 1993. In 1996, DPP purchased a condominium at 19 Diplomat Drive in Cincinnati, Ohio. DPP executed a promissory note payable to the seller in the amount of $122,330 and a mortgage on the property. In 1998, Pamela and David were married. The property at 19 Diplomat Drive served as Pamela and David's marital residence; however, DPP retained ownership of the property.

{¶3} In 2006, David and DPP experienced financial difficulties. DPP fell behind on the property taxes and mortgage payments associated with 19 Diplomat Drive, and the mortgage holder filed a foreclosure action in September 2006. On January 4, 2007, the state of Ohio cancelled DPP's Articles of Incorporation.

{¶4} Pamela and David separated in 2004, and divorced on November 20, 2007. The divorce decree provided that David retain all interest in his company DPP, which included the interest in 19 Diplomat Drive. In addition, the decree specified that David was to pay child support and half of the children's medical and educational expenses. David did not satisfy his obligations as required by the divorce decree. Due to his failure to pay support, the Missouri trial court entered judgment against David and in favor of Pamela in November 2007.

---

[1] Upon suggestion of death filed with this court on May 6, 2015, the commissioner of Shirley's estate, Beverly G. Williams, was substituted for Shirley as an appellee in this action.

{¶5} In May 2008, David's mother, Shirley, purchased the note and the mortgage for 19 Diplomat Drive for $100,870, and paid the tax delinquency against the property in the amount of $46,634.70. Shirley also paid several other liens and debts owed by DPP. As a result of Shirley's payments, a sheriff's sale was avoided and the foreclosure action was dismissed.

{¶6} On December 30, 2008, DPP transferred 19 Diplomat Drive to Shirley in exchange for the following: 1) Shirley was to forgive DPP's debt owed to her on the note for 19 Diplomat Drive, and on the other payments that she made related to the property; 2) David was permitted to live on the property rent free for the rest of Shirley's life; and 3) the property was titled to transfer to David upon Shirley's death. The defendants-appellees contend that this transfer relieved David of many of his prior financial burdens, thus allowing him meet his other financial obligations.

{¶7} In September 2012, Pamela obtained a judgment in Missouri for child support for $30,540.29 against David. Pamela filed this judgment with the Hamilton County Court of Common Pleas on December 28, 2012, two days after she filed the underlying complaint alleging that the 2008 transfer of 19 Diplomat Drive from DPP to Shirley was fraudulent.

{¶8} The defendants-appellees filed a joint motion for summary judgment on the grounds that 19 Diplomat Drive was properly transferred pursuant to Ohio corporate law, and the transfer did not violate the Ohio Uniform Fraudulent Transfer Act, R.C. Chapter 1336. After a hearing, the trial court granted the defendants' joint motion for summary judgment.

{¶9} Pamela timely appealed asserting two assignments of error alleging that the trial court erred in its interpretation of "debtor," because it did not consider

3

the totality of the circumstances and the power of the courts under the Ohio Uniform Fraudulent Transfer Act, and that the trial court erred in granting the defendants-appellees' motion for summary judgment in light of the facts allegedly proving David's intent to commit fraud.

{¶10} Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C); *see Mincy v. Farthing*, 1st Dist. Hamilton No. C-081032, 2009-Ohio-5245, ¶ 10. For summary judgment to be appropriate, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, even after reviewing the evidence in a light most favorable to the nonmoving party. *Id.* Summary judgment is reviewed de novo. *Mincy* at ¶ 11.

{¶11} In her first assignment of error, Pamela argues that the trial court erred when it misinterpreted "debtor," because it failed to consider the totality of the circumstances and the powers of the courts under the Ohio Uniform Fraudulent Transfer Act. In support of her first assignment of error, Pamela argues that the trial court should have recognized DPP as David's alter ego, allowing Pamela to then "reverse pierce" the corporate veil to satisfy David's child-support debt with DPP's assets. This argument is without merit.

{¶12} The Ohio Uniform Fraudulent Transfer Act defines a claim as "a right to payment," a creditor as "a person who has a claim," and a debtor as "a person who is liable on a claim." R.C. 1336.01(C), (D) and (F). David is the only debtor, as he owes Pamela a debt for late child-support payments. DPP, however, is not indebted to Pamela. Therefore, the trial court did not misinterpret the word "debtor" under the Ohio Uniform Fraudulent Transfer Act.

{¶13} In addition, the trial did not err when it declined to apply the alter-ego doctrine to "reverse pierce" the corporate veil. Traditionally, the alter-ego doctrine, also known as "piercing the corporate veil," allows an individual to be held liable for the debts of a corporation where the individual has control over the corporation to the point that the corporation "has no separate mind, will, or existence of its own." *Mathias v. Rosser*, 10th Dist. Franklin Nos. 01AP-768 and 01AP-770, 2002-Ohio-2772, ¶ 24*; see Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos.*, 67 Ohio St.3d 274, 287-290, 617 N.E.2d 1075 (1993). Conversely, reverse piercing of the corporate veil is a theory that allows a party to hold a corporation liable for the personal debts of a principal "where the corporation is so controlled by the individual that it amounts to the individual's alter ego." *Mathias* at ¶ 24*.*

{¶14} Reverse piercing of the corporate veil allows a judgment creditor to bypass the normal judgment collection procedure of attaching the judgment to the debtor's shares in the corporation, and instead attach the corporate assets directly. *See Mathias* at ¶ 25, citing *Cascade Energy & Metals Corp. v. Banks*, 896 F.2d 1557, 1577 (10th Cir.1990). Ohio is not one of the few jurisdictions that have adopted the doctrine of reverse-corporate-veil piercing. *See Mathias* at ¶ 25; *Winston v. Leak*, 159 F.Supp.2d 1012, 1018 (S.D.Ohio 2001). Although appellant cites several Ohio cases that discuss reverse-corporate-veil piercing, none have imposed liability on the basis of the doctrine. *See Mathias* at ¶ 25; *Winston* at 1018; *Maui Toys, Inc. v. Brown,* 7th Dist. Mahoning No. 12 MA 172, 2014-Ohio-583, ¶ 86. We decline to adopt this theory here. Therefore, because reverse piercing of the corporate veil is not a theory that is accepted in Ohio for purposes of imposing liability, the trial court

did not err when it granted summary judgment. We overrule Pamela's first assignment of error.

{¶15} In her second assignment of error, Pamela argues that the trial court erred in granting summary judgment notwithstanding her proof of David's intent to commit fraud. In order to assert a claim under the Ohio Uniform Fraudulent Transfer Act, a plaintiff must demonstrate standing as a creditor. *See Carter-Jones Lumber Co. v. Denune*, 132 Ohio App.3d 430, 434, 725 N.E.2d 330 (10th Dist.1999); *Arts Rental Equip. v. Bear Creek Constr.*, Hamilton C.P. No. A-0902785, 2011 Ohio Misc. LEXIS 155 (Feb. 11, 2011). A child-support creditor may bring an action against a debtor to set aside fraudulent transfers under the Ohio Uniform Fraudulent Transfer Act. *See Dinu v. Dinu*, 8th Dist. Cuyahoga No. 91705, 2009-Ohio-2879, ¶ 5.

{¶16} Pamela is only a creditor as to David, who owes her child support. *See* R.C. 1336.01 (C)-(F). Pamela may only assert a claim under the Ohio Uniform Fraudulent Transfer Act against David. The record demonstrates that the property at 19 Diplomat Drive was owned by DPP, and DPP transferred the property to Shirley in 2008. David has never owned the property at issue, and DPP is not indebted to Pamela. Therefore, Pamela has no standing to bring a claim against DPP under the Ohio Uniform Fraudulent Transfer Act. We overrule Pamela's second assignment of error.

{¶17} We affirm the trial court's judgment granting the defendants-appellees summary judgment.

Judgment affirmed.

**FISCHER, P.J.**, and **MOCK, J.**, concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.