[Cite as *State v. Vancleve*, 2021-Ohio-4450.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                           Court of Appeals No.  L-21-1110

      Appellee                                        Trial Court No.  CR0201902256

v.

Donnie L. Vancleve                               **DECISION AND JUDGMENT**

      Appellant                                       Decided:  December 17, 2021

* * * * *

Julie R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Brad F. Hubbell, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Appellant, Donnie Vancleve, appeals the May 3, 2021 judgment of the Lucas County Court of Common Pleas sentencing him to 18 months in prison.  For the following reasons, we affirm.

## I. Background and Facts

{¶ 2} In July 2019, Vancleve was indicted on one count of rape in violation of R.C. 2907.02(A)(2), a first-degree felony.

{¶ 3} In April 2021, as part of a plea agreement, the state filed an information charging Vancleve with one count of kidnapping in violation of R.C. 2905.01(A)(4), a first-degree felony. Vancleve pleaded no contest to the information, and the state agreed to dismiss the rape charge at sentencing. In its recitation of the facts underlying the case, the state explained that one of Vancleve's codefendants lured the victim—who was the codefendant's ex-fiancée—into a vehicle with him and a second codefendant. While driving, the men told the victim that they were going to rob a drug house, which made the victim uncomfortable. When she refused to get out of the car and go into the house, the second codefendant brandished a knife, held it to the victim's throat, and forced her inside. After the victim was in the house, both codefendants raped the victim vaginally, anally, and orally.

{¶ 4} Later, Vancleve came to the house. He brought a drug with him that he forced the victim to take, which made her sleepy, and then he joined his codefendants in raping her. "Eventually, after a substantial period of time, * * *" the second codefendant dropped the victim off at different location, where she was able to contact her parents and seek help.

2.

{¶ 5} The trial court accepted Vancleve's plea and found him guilty of kidnapping.

{¶ 6} At Vancleve's sentencing hearing, the trial court first heard statements from the prosecutor, defense counsel, and the victim. Vancleve chose not to make a statement in his own behalf. After hearing the statements, the court reviewed the factors that it took into consideration when sentencing Vancleve, including Vancleve's record, the oral statements made at sentencing, and the presentence investigation report. The court said that it had "balanced the principles and purposes of sentencing that are required under [R.C.] 2929.11, and balanced the seriousness and recidivism factors under [R.C.] 2929.12." The court also said that it had not had a case "more egregious than this with regard to truly the horrificness [sic] that [the victim's] body had to endure * * *" and that it found the "facts to be just beyond the pale." Ultimately, the court sentenced Vancleve to ten years in prison.

{¶ 7} Vancleve now appeals, raising one assignment of error:[1]

---

[1] Vancleve's brief does not include any assignments of error, as required by App.R. 16(A)(3) ("The appellant shall include in its brief * * * [a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected."). However, in the interest of justice, rather than refusing to review the argument raised in Vancleve's brief, we adopt his "ISSUE PRESENTED FOR REVIEW" as his assignment of error. *See State v. Green*, 11th Dist. Trumbull No. 2018-T-0063, 2019-Ohio-1303, ¶ 19, citing *State v. Shook*, 4th Dist. Pike No. 13CA841, 2014-Ohio-3403; *Carter-Jones Lumber Co. v. Denune*, 132 Ohio App.3d 430, 725 N.E.2d 330 (10th Dist.1999); and *Germadnik v. Auld*, 11th Dist. Trumbull No. 2017-T-0113, 2018-Ohio-2889, ¶ 11.

3.

Did the trial court err when it sentenced Appellant to 10 years in prison?

## II.     Law and Analysis

{¶ 8} In his assignment of error, Vancleve argues that the trial court erred by "ignoring" and "fail[ing] to attach significant weight to * * *" two mitigating factors: Vancleve's expression of "extreme remorse" and his "very limited criminal history."

{¶ 9} The state responds that the Supreme Court of Ohio's holding in *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, "severely limit[s]" our review of Vancleve's sentence and prevents us from considering whether the trial court properly considered the factors in R.C. 2929.11 and 2929.12.  We agree.

{¶ 10} We review a challenge to a felony sentence under R.C. 2953.08(G)(2).  The statute provides that an appellate court may increase, reduce, or otherwise modify a sentence or may vacate the sentence and remand the matter to the sentencing court for resentencing if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

4.

{¶ 11} Vancleve does not complain that his sentence violates R.C. 2953.08(G)(2)(a). This leaves R.C. 2953.08(G)(2)(b) as the only basis for challenging his sentence. In *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 15, we recognized that a sentence is not clearly and convincingly contrary to law for purposes of R.C. 2953.08(G)(2)(b) where the trial court has considered the purposes and principles of sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12, properly applied postrelease control, and sentenced the defendant within the statutorily-permissible range.

{¶ 12} Importantly, however, R.C. 2953.08(G)(2)(b) does *not* permit an appellate court to independently weigh the evidence and substitute its judgment for that of the trial court regarding the appropriate sentence under R.C. 2929.11 and 2929.12, or modify or vacate a sentence based on the lack of support in the record for the trial court's findings under those statutes. *Jones* at ¶ 39, 41-42; *see also State v. Toles*, Slip Opinion No. 2021-Ohio-3531, ¶ 10 (Brunner, J., concurring) (R.C. 2953.08 "precludes second-guessing a sentence imposed by a trial court based on its weighing of the considerations in R.C. 2929.11 and 2929.12."). Indeed, as this court has repeatedly recognized, we are precluded from reviewing a felony sentence "where—as here—the appellant's sole contention is that the trial court improperly considered the factors of R.C. 2929.11 or 2929.12 when fashioning [a] sentence." *State v. Stenson*, 6th Dist. Lucas No. L-20-1074, 2021-Ohio-2256, ¶ 9, citing *Jones* at ¶ 42; *State v. Orzechowski*, 6th Dist. Wood No.

5.

WD-20-029, 2021-Ohio-985, ¶ 13 ("In light of *Jones*, assigning error to the trial court's imposition of sentence as contrary to law based solely on its consideration of R.C. 2929.11 and 2929.12 is no longer grounds for this court to find reversible error.").

{¶ 13} Accordingly, because we cannot second-guess the trial court's application R.C. 2929.11 or R.C. 2929.12, Vancleve's sole assignment of error is not well-taken.

### III.   Conclusion

{¶ 14} For the foregoing reasons, the May 3, 2021 judgment of the Lucas County Court of Common Pleas is affirmed.  Vancleve is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.


A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.

Christine E. Mayle, J.

Myron C. Duhart, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

6.