**FROEBE, ESTATE OF, In Re**

Ohio Appeals, 3rd Dist, Logan Co

No 840. Decided April 28, 1938

Raymond S. Caulfield, for appellant.
Middleton & Dickinson, Bellefontaine, for appellee.

**OPINION**

By THE COURT

This is an appeal on questions of law from a judgment of the Probate Court of Logan County, Ohio, denying the application of appellant Clara Dugan, a resident of Logan County, Ohio, for appointment as administrator of the estate of her father, Christopher Froebe, late of Logan County, deceased; and a judgment granting the application of John P. Dickinson, not of kin of

said decedent, for appointment as administrator of the estate of said decedent.

The judgments appealed from omitting the captions and formal parts, are in the words and figures following, to-wit:—

"This cause came on to be heard upon the application of Clara Dugan, one of the next of kin of said decedent, to be appointed administratrix of the estate of Christopher Froebe, and the application of H. C, Froebe, one of the next of kin of said decedent, for the appointment of Meade C. Robinson as administrator of the estate of Christopher Froebe, deceased. And the court, upon consideration of said applications finds that all the next of kin entitled to administer said estate have neither waived or renounced in favor of either of the applicants; that said next of kin are unable to agree among themselves as to which of their number may administer said estate; that said applicants are therefore unsuitable to administer said estate and their applications are therefore dismissed. To all of which the parties hereto except."

"On the 22nd day of November, 1937, this cause came on for further hearing on the application of John P. Dickinson to be appointed administrator of the estate of Christopher Froebe, deceased. The court in consideration of said application finds that due notice has been given to all the next of kin, as required by law, and the court further finds that the said John P. Dickinson is a suitable person to be appointed as administrator.

"It is therefore ordered adjudged and decreed that the said John P. Dickinson, having given bond in the sum of Seven Thousand Dollars ($7,000.00), conditioned according to law, with The Ohio Casualty Company of Hamilton, Ohio, as surety thereon, to the approval of the court, it is therefore ordered that letters issued to the said John P. Dickinson as provided by law.

"It is further ordered that said estate be inventoried and appraised by Thomas E. O'Connor, Fred B. Hamilton and J. Glenn Hill, and that due return thereof be made to court as provided by law.

"It is further ordered that notice of said appointment be published in the Daily Examiner, a newspaper of general circulation in Logan County, for the period provided by law, and proof of such publication be filed in this court for record.

"To all of which the next of kin of said decedent except."

It will be noted that in the entry of judgment dismissing the application of Clara Dugan, the appellant, for appointment as administrator of said estate, that the Probate Court makes only two findings. First, that all of the next of kin entitled to administer said estate have neither waived or renounced in favor of either of the applicants; second, that said next of kin are unable to agree among themselves as to which of their number may administer said estate.

On these findings the court predicates a judgment "That said applicants are therefore unsuitable to administer said estate and their applications are therefore dismissed."

If there had been no express findings by the court or if the judgment of the court had not been predicated solely on the findings made a bill of exceptions would be necessary to demonstrate any claimed error in the judgment; but as the judgment is predicated solely on the two findings mentioned the presumption ordinarily applicable to judgments, that the court had facts before it on the hearing of such application to warrant the judgment entered by it has no application and the validity of the judgment must be determined solely by a consideration of whether the express findings made are in and of themselves sufficient to warrant the judgment.

Sec 10509-3, GC, provides in part as follows:—

"Administration of the estate of an intestate shall be granted to persons hereinafter mentioned in the following order:

1. To the surviving spouse of the deceased, if resident of the state.

2. To one of the next of kin of deceased, resident of the county.

3. To one of the next of kin of the deceased, resident of the state.

Upon failure of the person or persons so entitled to administer the estate, voluntarily either to take or renounce such administration, if resident within the county, they shall be cited by the court for that purpose."

Under this section it is the duty of the Probate Court to appoint an administrator from a preferred class described by said section, if there is a competent person in such preferred class. **Todhunter v Stewart, 39 Oh St 181. Schumacker v McCallit, 69 Oh St 500.**

The right of a member of such preferred class to appointment is a valuable right and the mere facts that all of the next of kin entitled to administer such estate have neither waived nor renounced in favor of an applicant, and that such next of kin are unable to agree among themselves as to which of their number may administer said estate do not constitute grounds in law for the dismissal of the application of one of the preferred classes prescribed by said section for appointment as administrator of such estate. The conflicting rights of members of the same class as applicant or of members of a class having priority over the class of which applicant is a member not being involved such dismissal could only be predicated on a finding that the applicant, member of such preferred class, is an unsuitable person to administer such trust.

In Deibel's Ohio Probate Code, 1936 Edition at page 868, the author quotes with approval from Woerner's American Law of Administration, §242, the following rules governing the appointment of an administrator when two or more next of kin in equal degree of priority demand letters of administration, to-wit:

"In cases of conflicting claims the applicant upon whom a majority of the parties in interest agree will generally be preferred, but not, of course, unless the nominee belong to the same class; for the order of preference enacted by statute cannot be changed or ignored to the postponement of any person included therein. Other things being precisely even, the scale may be inclined by the preference of an older over a younger person; or of a male over a female; or of an unmarried over a married woman; and of one accustomed to business over one inexperienced."

Under this section of the General Code and rules mentioned it was the duty of the court to use his judicial discretion in determining from evidence that might be adduced, the suitability of applicant Clara Dugan, next of kin of decedent, resident of the county, for such appointment, and this not having been done and the findings of fact by the court not constituting grounds at law for dismissing her application, the judgment of the court dismissing her said application is erroneous.

With reference to the judgment granting the application of John P. Dickinson, not of the next of kin of decedent, for ap-

pointment as administrator of said estate, that part of §10509-3 GC, upon which said application is based, provides:

"If there are no persons so entitled to administer, or if they are incompetent, or for any reason unsuitable for the discharge of the trust * * * their right to priority shall be lost, and the court shall commit the administration to some suitable person, resident of the county, who may or may not be a creditor."

Under the provisions of said section the judgment of the court committing the administration of the estate of the decedent to some suitable person not coming within the classes prescribed in the part of said section hereinbefore first quoted must be predicated on a finding the appellant Clara Dugan as well as all other persons coming within the classes mentioned are incompetent or for other reasons unsuitable for the discharge of such trust. The findings contained in the judgment appointing John P. Dickinson, not a member of any of the preferred classes, to administer such estate "that due notice has been given to all of the next of kin, as required by law," and "that the said John P. Dickinson is a suitable person to be appointed as administrator" are consistent with the presumption of law prevailing in the absence of a bill of exceptions that the court in rendering such judgment had before it the evidence and made the findings thereon necessary to legally warrant it in rendering the judgment it rendered. 2 O. J. 684 and 685; 5 C. J. S. 418.

As in the judgment under consideration the findings made are consistent with findings that the appellant Clara Dugan as well as all other persons coming within the classes mentioned in said section are incompetent or for other reasons unsuitable for the discharge of the trust, and there is no bill of exceptions on the hearing of the application for the appointment of said Dickinson, resulting in the judgment complained of, the presumption above mentioned applies; and it does not affirmatively appear from the record that the court erred in rendering the judgment appointing said Dickinson. No error affirmatively appearing upon the record the judgment mentioned will be affirmed at costs of estate.

The judgment appointing the said Dickinson being affirmed, the Probate Court is without jurisdiction to appoint the appellant

to administer said estate so although the judgment dismissing appel- lant's application to administer said estate is erroneous and she is entitled to have the same reversed, a new trial for such application would not avail her anything, so that such judgment will be reversed at the costs of the estate, and the cause remanded for execution without awarding a new trial thereof.

GUERNSEY, PJ, CROW and KLINGER, JJ, concur.