In re Estate of Vickers.

(No. 310—Decided November 15, 1959.)

*Mr. F. L. Newdick*, for appellant.
*Mr. W. H. Lohr*, for appellee.

Collier, J. James Boyer, a nephew of Margaret Vickers, deceased, appeals on questions of law from an order of the Probate Court of Vinton County, appointing W. H. Lohr, who is not one of the next of kin of the decedent, as administrator of her estate.

A narrative statement signed by the trial judge, in lieu of a bill of exceptions, has been furnished. From this statement and the original papers it appears that the application for the appointment of an administrator of the estate of Margaret Vickers, deceased, was signed by W. H. Lohr; that notice was given to the next of kin as provided by statute; that those present at the hearing on July 23, 1959, on the application were W. H. Lohr, the applicant, James Boyer, Clarence Boyer, and Della Molihan, nephews and neice respectively of deceased, and F. L. Newdick, attorney for James Boyer; that James Boyer verbally protested the appointment of Mr. Lohr as such administrator and claimed the right himself to be appointed under Section 2113.06, Revised Code; that representations were made to the court that James Boyer had been absent from the county and returned the evening of July 22, 1959, and then learned for the first time of the application for the appointment of an administrator having been filed by Mr. Lohr; and that James Boyer secured his attorney the morning of July 23, 1959.

The order appointing Mr. Lohr as administrator of said estate contains this statement: "There being no application filed by suitable persons having priority over this applicant."

The single question for determination in this appeal is whether the provisions of Section 2113.06, Revised Code, are mandatory and thus require the Probate Court to appoint an administrator of an estate from the preferred class described in this statute, or whether the court may exercise its discretion in making the appointment.

Section 2113.06, Revised Code, reads, so far as pertinent, as follows:

"Administration of the estate of an intestate shall be granted to persons mentioned in this section, in the following order:

"(A) To the surviving spouse of the deceased, resident of the state;

"(B) To one of the next of kin of the deceased, resident of the county;

"(C) To one of the next of kin of the deceased, resident of the state;

"If the persons entitled to administer the estate fail to take or renounce such administration voluntarily, they shall be cited by the Probate Court for that purpose, if resident within the county.

"If there are no persons entitled to administration, or if they are for any reason unsuitable for the discharge of the trust, or if without sufficient cause they neglect to apply within a reasonable time for the administration of the estate, their right to priority shall be lost and the court shall commit the administration to some suitable person who is a resident of the county. Such person may be a creditor of the estate."

This statute in its present or similar form has been interpreted several times by the Supreme Court of Ohio. In *Todhunter* v. *Stewart*, 39 Ohio St., 181, Upson, J., said: "It [the statute] gives to the persons mentioned, in the order prescribed, the absolute right to letters of administration subject only to the conditions that they are competent."

In *In re Estate of Golembiewski*, 146 Ohio St., 551, 67 N. E. (2d), 328, it is held:

"4. The provisions of Section 10509-3, General Code [now Section 2113.06, Revised Code], are mandatory, and when a surviving spouse is a minor, one of the next of kin of the deceased, resident of the county, is entitled to appointment as administrator in the absence of incompetency, unsuitability, or neglect."

And, in *In re Estate of Froebe*, 27 Ohio Law Abs., 594, the second paragraph of the headnotes reads:

"2. It is the duty of the Probate Court to appoint an administrator from a preferred class described by Section 10509-3, General Code, if there is a competent person in the classes mentioned."

In the *Froebe case*, in the absence of a bill of exceptions it was held that the presumption of regularity in the order of appointment prevailed and that in an appeal on questions of law a reviewing court is bound by such presumption. In the instant case the narrative statement in lieu of a bill of exceptions is rather scanty, but it does appear that James Boyer, a nephew of the deceased and a resident of Vinton County, appeared in open court to verbally protest the appointment of Mr. Lohr, a stranger, who is not in the preferred class described in the statute, and that over his protest Mr. Lohr was appointed. Under the authorities above cited this was clearly erroneous. The Probate Court has no discretionary powers in this matter, but must appoint an administrator of an estate from the class described if there is a competent person in such preferred class.

It follows that the judgment of the Probate Court is reversed and this cause is remanded with instructions to revoke the letters of administration granted to W. H. Lohr and to determine the competency and suitability of James Boyer and to appoint him administrator if found qualified.

*Judgment reversed and cause remanded.*

GILLEN, P. J., and RADCLIFF, J., concur.