[Cite as *Blisswood Village Home Owners Assn. v. Genesis Real Estate Holdings Group, L.L.C.*, 2018-Ohio-4215.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 106583

---

### BLISSWOOD VILLAGE HOME
### OWNERS ASSOCIATION

PLAINTIFF-APPELLEE

vs.

### GENESIS REAL ESTATE HOLDINGS
### GROUP, L.L.C., ET AL.

DEFENDANTS-APPELLANTS

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-15-853270

**BEFORE:** E.T. Gallagher, P.J., Boyle, J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** October 18, 2018

**ATTORNEY FOR APPELLANT**

Mark Novak
988 Glenside Road
South Euclid, Ohio 44121

**ATTORNEYS FOR APPELLEES**

**For Blisswood Village Home
Owners Association**

Steven B. Potter
Jason A. Whitacre
Dinn, Hochman & Potter, L.L.C.
5910 Landerbrook Drive, Suite 200
Cleveland, Ohio 44124

**For Dinardo Family Limited Partnership**

Dinardo Family Partnership, a Nevada L.P., pro se
C/O Nevada Registrations USA, Inc.
3315 East Russell Road, Suite A-4 #435
Las Vegas, Nevada 89120

Dinardo Family Partnership, a Wyoming L.P., pro se
A Wyoming Limited Parternship
1621 Central Avenue
Cheyenne, Wyoming 82001

**For PNC Bank, National Association**

Kerri N. Bruckner
Lerner, Sampson & Rothfuss
P.O. Box 5480
Cincinnati, Ohio 45201

**For Cuyahoga County Treasurer & Cuyahoga County Fiscal Officer**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:    Anthony J. Giunta
Assistant Prosecuting Attorney
310 West Lakeside Avenue, Suite 300
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, P.J.:

{¶1} Defendant-appellant, Genesis Real Estate Holdings Group, L.L.C. ("Genesis"), appeals the trial court's judgment of foreclosure in favor of plaintiff-appellee, Blisswood Village Home Owners Association ("Blisswood"). Genesis raises the following assignment of error for review:

> 1. The trial court erred as a matter of law when it entered its November 6, 2017 judgment entry of foreclosure in favor of Plaintiff because the court lacked subject matter jurisdiction over Plaintiff-appellee's foreclosure action, therefore rendering all proceedings void.

{¶2} After careful review of the record and relevant case law, we affirm the trial court's judgment.

## I. Procedural and Factual History

{¶3} Blisswood is an existing not-for-profit corporation under the laws of the state of Ohio formed in accordance with Chapter 5311 of the Ohio Revised Code to act as the Association of Unit Owners for Blisswood Village.

{¶4} On October 26, 2015, Blisswood filed a foreclosure action in Cuyahoga C.P. No. CV-15-853270 against Genesis and other defendants holding or claiming interests in the residential condominium unit located on Fox Avenue in Euclid, Ohio. Genesis was the record title owner of Unit I.

{¶5} The foreclosure complaint alleged that Genesis failed to pay its share of monthly assessments for common expenses incurred for administration and maintenance of common areas, facilities, and other services provided to all unit owners. Thus, Blisswood sought a decree of foreclosure against the unit and requested judgment in the amount of $2,054.46, plus interest, for unpaid monthly assessments for common expenses, late fees, interest, and charges

for collection costs. Blisswood alleged that it obtained a lien on the property pursuant to R.C. 5311.18. The certificate of lien was filed on September 22, 2015, as Instrument No. 201509220279 in the Cuyahoga County Recorder's Office.

{¶6} On October 31, 2016, Blisswood moved for summary judgment pursuant to Civ.R. 56. Blisswood argued that Genesis cannot dispute that it owes Blisswood $2,054.46 plus interest at 10 percent per annum for unpaid common assessments, late fees, interest, and charges for collection costs. Genesis opposed the motion, asserting that (1) Blisswood's motion failed to produce any evidentiary materials demonstrating that it is entitled to a decree of foreclosure as matter of law, (2) Blisswood's purported statutory lien is invalid under the plain statutory meaning of R.C. Chapter 5311, and (3) there are genuine issue of material fact as to whether Blisswood's board of trustees had the authority to impose the assessments. On February 2, 2017, the trial court denied Blisswood's motion for summary judgment, and the matter proceeded to a bench trial before the magistrate.

{¶7} At the conclusion of trial, the magistrate issued a decision granting a decree of foreclosure in favor of Blisswood. The magistrate found, in relevant part:

> The Magistrate finds that Genesis is required to and has failed to pay, as of the September 22, 2015 date of condo lien filing, the assessments charged against Unit I for common expenses in the amount of $1,280.00. The Magistrate finds the assessments for common expenses in this amount is legally authorized and procedurally sound and supports a lien filing in this amount. Magistrate finds that the assessment of $987.42 is due and payable for unpaid assessments for reimbursement and charges for collection costs for a total sum of $2,367.42, plus interest at 10% per annum[.] The Magistrate finds that the Plaintiff has a lien on the property for unpaid assessments, late fees, and other authorized charges including reasonable attorneys' fees pursuant to O.R.C. 5311.18. Plaintiff has a lien on the property and therefore is entitled to have the equity of redemption and dower of all Defendants in and to said premises foreclosed.

**{¶8}** On October 18, 2017, Genesis filed objections to the magistrate's decision. Genesis argued that the magistrate "erred as a matter of law as to the validity of Plaintiff's underlying Certificate of Lien and whether Plaintiff's statutory lien is in fact valid under Chapter 5311 of the Ohio Revised Code." Genesis further argued that "the magistrate also erred in granting Plaintiff a decree of foreclosure because Genesis produced sufficient evidence at trial to demonstrate that Plaintiff's Board of Trustees lacked the authority to impose the assessments underlying its foreclosure claim[.]"

**{¶9}** On November 7, 2017, the trial court overruled Genesis's objections and adopted the magistrate's decision, stating:

> The court finds the assessments that are the basis of the condo lien to be common expenses under the Declaration, By-Laws, and Rules. Defendant Genesis challenges the legitimacy of the Board and its vote to sub-meter the condominium units but fails to present evidence of ownership capacity or occupancy status to substantiate that challenge. Revised Code 5311.08 provides that a unit owner that is not an individual may nominate for the Board any principal, member of a limited liability company, partner, director, officer or employee of that unit owner. Blisswood's By-Laws at Article II, Section 3, in detailing voting rights, acknowledges the case of a "unit owned or held in the name of a corporation, partnership, fiduciary, or nominee." The [Declaration] charging the Board with management of the property sets forth the Board's authority, including authority to correct a condition and charge and assess the cost and expense thereof to the unit owner. Declaration, Article VIII, Section (A)(3).

**{¶10}** On April 30, 2018, the property was sold at a sheriff's sale. On May 24, 2018, the trial court issued a decree of confirmation of the sale.

**{¶11}** Genesis now appeals the trial court's foreclosure judgment.

## II. Law and Analysis

**{¶12}** In its sole assignment of error, Genesis argues the trial court erred when it entered judgment in favor of Blisswood because the court lacked subject matter jurisdiction over the foreclosure action.

**{¶13}** In *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, the Supreme Court of Ohio examined in detail the subject of jurisdiction, stating, in pertinent part:

> The general term "jurisdiction" can be used to connote several distinct concepts, including jurisdiction over the subject matter, jurisdiction over the person, and jurisdiction over a particular case. *[Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 922,] at ¶ 11-12. The often unspecified use of this polysemic word can lead to confusion and has repeatedly required clarification as to which type of "jurisdiction" is applicable in various legal analyses. *See, e.g., id.* at ¶ 33; *Barnes v. Univ. Hosps. of Cleveland*, 119 Ohio St.3d 173, 2008-Ohio-3344, 893 N.E.2d 142, ¶ 27; *In re J.J.*, 111 Ohio St.3d 205, 2006-Ohio-5484, 855 N.E.2d 851, ¶ 10-16. * * *
>
> Subject matter jurisdiction is the power of a court to entertain and adjudicate a particular class of cases. *Morrison v. Steiner*, 32 Ohio St.2d 86, 87, 290 N.E.2d 841 (1972). A court's subject matter jurisdiction is determined without regard to the rights of the individual parties involved in a particular case. *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 75, 701 N.E.2d 1002 (1998); *Handy v. Ins. Co.*, 37 Ohio St. 366, 370 (1881). A court's jurisdiction over a particular case refers to the court's authority to proceed or rule on a case that is within the court's subject matter jurisdiction. *Pratts* at ¶ 12. This latter jurisdictional category involves consideration of the rights of the parties. If a court possesses subject matter jurisdiction, any error in the invocation or exercise of jurisdiction over a particular case causes a judgment to be voidable rather than void. *Id*. at ¶ 12.

*Kuchta* at ¶ 18-19.

**{¶14}** In this case, Blisswood's foreclosure complaint alleged that Blisswood obtained a lien on the property, pursuant to R.C. 5311.18, "for unpaid monthly assessments, late fees, and other authorized charges." Plaintiff sought to foreclose upon the lien pursuant to R.C. 5311.18, and recover the balance due in the amount of $2,054.46, "plus interest, plus all future assessments, late fees, and charges for collection costs and attorneys' fees[.]"

**{¶15}** R.C. 5311.18 creates a statutory lien in a condominium unit owners association under the following circumstances:

(1) Unless otherwise provided by the declaration or the bylaws, the unit owners association has a lien upon the estate or interest of the owner in any unit and the appurtenant undivided interest in the common elements for the payment of any of the following expenses that are chargeable against the unit and that remain unpaid for ten days after any portion has become due and payable:

> (a) The portion of the common expenses chargeable against the unit;

> (b) Interest, administrative late fees, enforcement assessments, and collection costs, attorney's fees, and paralegal fees the association incurs if authorized by the declaration, the bylaws, or the rules of the unit owners association and if chargeable against the unit.

R.C. 5311.18(A)(1).

{¶16} On appeal, Genesis argues the trial court lacked subject matter jurisdiction over the foreclosure action and, therefore, the trial court's "decree of foreclosure and confirmation are void ab initio." Genesis contends that the trial court lacked subject matter jurisdiction to issue a decree of foreclosure and confirmation "because [Blisswood's] purported statutory lien was not a valid property interest under R.C. Chapter 5311 and therefore not grounds for a valid foreclosure action." According to Genesis, the "unpaid assessments giving rise to Plaintiff's purported lien can more properly be described as enforcement assessments," not common expenses. Genesis states that this distinction is significant because R.C. 5311.081(C) sets forth procedural guidelines that must be complied with before an enforcement assessment may be imposed. Throughout this litigation, Genesis has alleged that "Blisswood never afforded Genesis any of the procedural protections outlined in R.C. 5311.081(C)."

{¶17} After careful consideration, we find no merit to Genesis's jurisdictional argument. The Ohio Supreme Court has reiterated that Ohio courts have long held that "actions in foreclosure are within the subject matter jurisdiction of a court of common pleas. *Kuchta,* 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, at ¶ 20, citing *Robinson v. Williams*, 62 Ohio

St. 401, 408, 57 N.E. 55 (1900); *Winemiller v. Laughlin*, 51 Ohio St. 421, 38 N.E. 111 (1894).

Thus, we find the Cuyahoga County Court of Common Pleas had subject matter jurisdiction over this foreclosure action. Genesis's belief that Blisswood did not have a proper statutory lien under R.C. 5311.18 has no bearing on our jurisdictional finding. In this case, the trial court had subject matter jurisdiction to decide the matter on its merits, including the validity of Blisswood's statutory lien, and render an enforceable judgment over the action.

**{¶18}** With respect to the merits of the underlying judgment, we decline to address Genesis's broad challenges to the trial court's statutory lien analysis. On appeal, Genesis's sole assignment of error challenged the trial court's jurisdiction to enter a decree of foreclosure and confirmation.

> Generally, an appellate court need not address an appellant's argument if it is not set forth as an assignment of error in conformity with App.R. 12(A) and 16(A). *See State v. Mann*, 8th Dist. Cuyahoga No. 59046, 1991 Ohio App. LEXIS 5290, 15 (Nov. 7, 1991); *Lu-Jean Feng v. Kelley & Ferraro*, 8th Dist. Cuyahoga No. 91738, 2009-Ohio-1368, ¶ 31. However, Ohio courts have also held that an appellate court may reach the merits of an argument if the assignments of error were "readily discernable" from the propositions of law, and where the opposing party had responded as if the propositions were assignments of error. *See JPMorgan ChaseBank, N.A. v. Allton*, 10th Dist. Franklin No. 14AP-228, 2014-Ohio-3742, ¶ 6-7; *Carter-Jones Lumber Co v. Denune*, 132 Ohio App.3d 430, 432, 725 N.W.2d 330 (10th Dist.1999).

*Eberhard Architects, L.L.C. v. Schottenstein, Zox & Dunn Co., L.P.A.*, 8th Dist. Cuyahoga No. 102088, 2015-Ohio-2519, ¶ 16 . In this case, Genesis did not raise a separate assignment of error challenging the trial court's statutory lien analysis and conclusions, and Blisswood did not respond "as if the propositions were assignments of error."[1] Accordingly, we decline to address

---

[1] App.R. 12(A)(1)(b) states, "On an undismissed appeal from a trial court, a court of appeals shall * * * [d]etermine the appeal on its merits on the assignments of error set forth in the briefs under App.R. 16[.]" App.R. 16(A)(3) states, "The appellant shall include in its brief * * * [a] statement of the assignments of error presented for review, with reference to the place in the record where each

Genesis's contention that the "facts demonstrate that [Blisswood] did not have a proper statutory lien either under R.C. 5311.18(A)(1)(a) or (A)(1)(b)."

{¶19} Even if this court were to address the merits of Genesis's statutory lien argument, we would be obligated to presume regularity in the proceeding below. The Ohio Supreme Court has determined that "[t]he duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980), citing *State v. Skaggs*, 53 Ohio St.2d 162, 372 N.E.2d 1355 (1978). "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Id.*

{¶20} In this case, Genesis did not submit a complete transcript of the bench trial for this court's review. Rather, Genesis merely submitted the defense exhibits and a portion of the transcript containing defense counsel's cross-examination of Gregory Vilk, the president of Blisswood's Home Owner Association. Significantly, Genesis failed to comply with the requirements of App.R. 9(B)(5), which provides the specific procedure for an appellant who intends to file a partial transcript and requires the Genesis to file a statement under App.R. 9(B)(5)(a) or (b). Without such a statement, Blisswood was deprived of the opportunity to request that additional parts of the transcript be included, as was its right under App.R. 9(B)(5).

---

error is reflected."

**{¶21}** Who testified on behalf of Blisswood or Genesis, and the extent of their testimony relating to the lien, is unknown to this court at this time. At the very least, Vilk's direct-examination testimony concerning Blisswood's basis for obtaining a lien on the property would have been necessary for resolution of Genesis's statutory lien arguments. In the absence of the complete transcript, this court is unable to assess all relevant evidence and testimony presented at trial. Accordingly, we presume regularity. *See E. Cleveland v. Waters*, 8th Dist. Cuyahoga No. 91631, 2009-Ohio-3591. ¶ 8 ("Without a complete transcript of the trial proceedings, we must presume regularity below.").

**{¶22}** Genesis's sole assignment of error is overruled.

**{¶23}** Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, PRESIDING JUDGE

MARY J. BOYLE, J., and
ANITA LASTER MAYS, J., CONCUR