[Cite as *In re Estate of Jenkins*, 2019-Ohio-2112.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

IN RE ESTATE OF ELASE JENKINS    :

   :         No. 107343

[Appeal by Sharla Jenkins]        :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 30, 2019

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Probate Division
Case No. 2015 EST212340

---

### *Appearances:*

Sharla Jenkins, *pro se.*

Forbes, Fields & Associates Co., L.P.A., Helen Forbes Fields, and Scott H. Schooler, *for appellee*, Helen Forbes Fields.

MICHELLE J. SHEEHAN, J.:

{¶ 1} Appellant Sharla Jenkins ("Sharla") appeals the probate court's orders appointing an administrator and approving the inventory, appraisal, and amended final account of the estate of Elase Jenkins. For the reasons that follow, we affirm.

## Procedural History and Substantive Facts

{¶ 2}    Sharla's mother, Elase Jenkins ("Jenkins"), died in November 2015. Jenkins's last will and testament was admitted in December 2015, and Shera Jenkins ("Shera"), Sharla's sister, was appointed executor without a bond per the terms of the will.   In January 2016, Sharla filed a motion to remove her sister as executor for the failure to properly administer the estate.   Sharla's motion detailed the conflict amongst her sisters regarding the administration of her mother's estate. The court held a hearing on May 19, 2016, with all parties present.   Because Shera failed to file an inventory of the estate's assets, failed to make arrangements to remove the decedent's remains from the county morgue, or further administer the estate, the court granted the motion and removed Shera as executor in June 2016. Jenkins's will had named Shirley Cook to administer her estate in the event Shera is unable to serve; however, Cook predeceased Jenkins.   According to appellee Helen Forbes Fields, Esq., ("Fields") the probate court determined that a nonfamily member should be appointed the next administrator because there was much discord among Jenkins's heirs.   Thereafter, in June 2016, Fields filed an application for authority to administer the estate.   The court found Fields to be a suitable and competent person and appointed Fields as administrator.

{¶ 3}    During the remainder of 2016 and 2017, Fields filed several motions on behalf of the estate, including a motion in August 2016 to direct the estate to make funeral or cremation arrangements for the decedent.   The record shows that the decedent's body had been in the county morgue for more than 250 days.   The

court granted Fields's motion and directed the estate to make arrangements for cremation and use the funds on deposit with the memorial chapel. The court also directed the estate to divide Jenkins's ashes equally among Jenkins's four daughters: Shera, Sharla, Sherry Jenkins-Pickens ("Sherry"), and Shafone Palmer.

{¶ 4} Also in August 2016, Fields filed an appointment of appraiser, and in October 2016, she filed the inventory for the estate. The inventory included: Jenkins's residence valued at $49,200; a 1999 Ford Escort valued at $1,736; a KeyBank savings account containing $1,056.34; a Citizens Bank checking account containing $665.18; and household goods valued at $500. Sharla filed exceptions to the inventory contesting some items that were missing amongst other things. Following a hearing in November 2016, the magistrate issued a decision denying Sharla's exceptions. The magistrate issued detailed findings of facts and conclusions of law. The magistrate determined "that after a thorough examination of the testimony and the court records, it is clear that the successor administrator Helen Forbes Fields has correctly inventoried the assets of this estate." Sharla then filed objections to the magistrate's decision, which the court denied and dismissed in January 2017.

{¶ 5} Fields continued her administration of the estate in 2017, filing an application for certificate of transfer regarding the real property in February. The court granted the application. Thereafter, in April 2017, Sharla and Sherry filed a motion to remove Fields as administrator of the estate. The sisters expressed general dissatisfaction with Fields's administration of the estate and claimed that their

mother had won $250,000 from the Ohio lottery five years ago and wondered why there was no accounting for those funds. In their motion, they also alleged that their sister, Shera, had been embezzling money from her mother. In reply, Fields stated that she has faithfully and competently discharged her duties, including conducting bank account searches and contacting the Ohio Lottery Commission, and she has not engaged in any fraudulent conduct. Fields further asserted that the estate would be completely administered but for the sisters' litigiousness and harassment. Finding the petitioners' motion failed to set forth any statutory reason for removal and contained "a rambling, incoherent recital of claims" previously addressed, the court denied the motion to remove Fields as administrator.

{¶ 6} In August 2017, Fields filed the final account and a motion for extraordinary attorney fees due to numerous adversarial proceedings, exceptions, and contested claims made by two of the estate's beneficiaries, Sharla and Sherry, and the "constant harassment" from Sharla and Sherry through "telephone calls, threatening letters, and menacing conduct." In September 2017, Sharla and Sherry filed exceptions to the final account regarding bank accounts as well as issues regarding property and jewelry from the estate. The court heard and granted Fields's motion for extraordinary attorney fees, and in November 2017, Fields filed an amended final account. Sharla and Sherry then filed additional exceptions to the amended final account in December 2017.

{¶ 7} Following a hearing, in April 2018, the magistrate issued its decision addressing the September and December exceptions to the final account. The

magistrate found that all of the petitioners' arguments raised in their exceptions had been previously heard and addressed in prior hearings and stated:

> Ms. Fields has attempted to locate additional accounts which [the petitioners] believed existed. The decedent received proceeds from the Ohio lottery many years before her death; it appears that the funds were used by the decedent long before her death. Citizens Bank provided an estimate of $943 in costs to obtain statements and checks for the period commencing January 10, 2010. None of the heirs can advance the costs to conduct this further investigation. As there are no funds remaining in the estate, it is not cost effective for the administrator to pursue her investigation, especially since it is unlikely to lead to any additional financial assets. Ms. Fields made the reasonable determination that it would not be in the estate's best financial interest to pursue this matter.

{¶ 8} The magistrate further found that a division of household goods and jewelry completed by Fields was reasonable under the circumstances and Fields properly distributed the tangible personal property in kind.

{¶ 9} Finally, upon reviewing the account and documents submitted by Fields, the magistrate found that Fields, as administrator, had satisfactorily accounted for the assets that came under her control and documented the payment of estate expenses. Thus, the magistrate concluded that Fields had satisfactorily administered the estate, and it recommended the exceptions filed in September 2017 and December 2017 be denied and the amended final account be approved. Sharla objected to the magistrate's decision.

{¶ 10} On May 24, 2018, the court found Sharla's objections without merit, stating as follows:

> The court finds that Sharla Jenkins alleges in her objection that "Administrator Helen Forbes Fields has failed to reveal an account of

concealed assets." The objection is primarily a request for bank records which Sharla Jenkins believes will reveal assets owned by the decedent. Sharla Jenkins supplemented her objection with a letter to the court dated May 18, 2018, reporting that the decedent had received the sum of $250,000 from the Ohio Lottery Commission in 2010.

{¶ 11} The court further found that (1) Sharla failed to provide a transcript of the hearing before the magistrate or file an affidavit of facts as required by Civ.R. 53(D)(3)(b)(iii); (2) the inventory in the estate was approved in January 2017, over Sharla's objections, and the objections raised in the exceptions to the amended final account are the same that were raised as exceptions to the inventory and judgment had been rendered regarding those exceptions; and (3) since the decedent's death in November 2015, no evidence has been presented to the court reflecting the existence of bank accounts or other assets other than what the administrator had reported. The court therefore denied and dismissed Sharla's objections and approved the amended final account.

{¶ 12} Sharla now appeals, pro se, raising three purported errors for our review: (1) "inappropriate appointment of administrator of the estate"; (2) "the inventory and appraisal"; and (3) "the amended fiduciary's account."[1]

---

[1] We note that Sharla's appellate brief fails to fully comply with App.R. 16(A). However, because we find the brief is in substantial compliance with the appellate rule, we will address what we discern to be appellant's assignments of error and the corresponding arguments. *See N. Frozen Foods, Inc. v. Moton*, 8th Dist. Cuyahoga No. 99938, 2014-Ohio-825, ¶ 9.

## Appointment of Administrator

{¶ 13} In her first assignment of error, Sharla challenges the probate court's appointment of Helen Forbes Fields, Esq. as the administrator of Sharla's mother's estate. Sharla appears to contend that Fields should not have been appointed because the decedent had three other daughters entitled to the appointment. For the reasons outlined below, we find no merit to the assignment of error.

{¶ 14} Under R.C. 2113.05, the probate court may appoint an administrator for an estate:

> if the executor named in a will or nominated pursuant to that power dies, fails to accept the appointment, resigns, or is otherwise disqualified and the holders of the power do not have authority to nominate another executor or the power is not conferred in the will, or if the power is conferred in a will but the power cannot be exercised because of the death of a holder of the power * * *.

{¶ 15} The statute requires the court to grant letters of administration to a "suitable person" who would have been entitled to administer the estate if the decedent had died intestate. *Id.*; *In re Estate of Amoroso*, 8th Dist. Cuyahoga No. 102484, 2015-Ohio-3352, ¶ 16.

{¶ 16} R.C. 2113.06 establishes an order of priority a probate court must follow in appointing an administrator. *See In Re Estate of Vickers*, 110 Ohio App. 499, 501, 170 N.E.2d 85 (4th Dist.1959) (stating that the probate court must appoint an administrator from the preferred class outlined in the statute). The statute provides that the administration of the estate shall be granted to the surviving spouse of the deceased, if a resident of the state, or next, to one of the deceased's

next of kin, who is a resident of the state.[2]  R.C. 2113.06(A).  However, if there are no persons entitled to administration under this statute, or the court finds them unsuitable for the task, the court "shall commit the administration to some suitable person who is a resident of the state * * *."  R.C. 2113.06(C); *Amoroso* at ¶ 22, citing *In Re Estate of Vickers* (stating that the next of kin is preferable to a stranger unless the next of kin is unsuitable).

{¶ 17}  A "suitable person" is an individual who "is reasonably disinterested and in a position to reasonably fulfill the obligations of a fiduciary."  *In re Estate of Henne*, 66 Ohio St.2d 232, 421 N.E.2d 506 (1981), paragraph two of the syllabus.  In determining whether an individual is "reasonably disinterested," the probate court considers "(1) the nature and extent of the hostility and distrust among the parties; (2) the degree of conflicting interests and obligations, both personal and financial; and (3) the underlying and aggregate complexities of the conflict."  *Id.* at paragraph three of the syllabus; *Amoroso* at ¶ 17.

{¶ 18} We review a probate court's order granting or refusing letters testamentary for an abuse of discretion.  *Amoroso,* 8th Dist. Cuyahoga No. 102484, 2015-Ohio-3352, at ¶ 16, citing *In re Estate of Young*, 4 Ohio App.2d 315, 320, 212 N.E.2d 612 (10th Dist.1964).  An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary, or

---

[2]  Although R.C. 2113.06 applies to persons who have died intestate, courts have held that R.C. 2113.05 should be read in pari materia with R.C. 2113.06 when determining the suitability of an administrator.  *Amoroso* at ¶ 11, fn. 2; *Driggers v. Osdyke*, 11th Dist. Portage No. 96-P-0004, 1996 Ohio App. LEXIS 5264 (Nov. 22, 1996).

unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 19}  Here, the record shows that Jenkins had a will and her will named an executor and an alternate executor.  Sharla's sister, the designated executor, was removed as executor due to her failure to file an inventory or make funeral arrangements for the deceased, and the alternate executor predeceased Jenkins. No other individuals were designated in the will as an alternative executor, and no other family members filed an application to be appointed as administrator.  Thereafter, Fields filed an application for appointment as administrator, and the court held a hearing on the application.  According to Fields, the probate court determined that a nonfamily member should be appointed the next administrator because there was much discord among Jenkins's heirs.   The probate court then, under its statutory authority, appointed Fields as administrator.   In its order appointing Fields, the court stated that Fields "is a suitable and competent person to execute the trust."

{¶ 20} The record does not contain any evidence that the probate court's appointment of Fields as administrator was somehow improper.   Sharla has provided no evidence, through affidavit or transcript of the hearing, in support of her arguments.  "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record."  *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980), citing *State v. Skaggs*, 53 Ohio St.2d 162, 372 N.E.2d 1355 (1978).  Where there is no transcript, there is no basis upon

which the reviewing court can discern the alleged errors, and consequently, the reviewing court must presume regularity in the trial court's proceedings. *Id.*; *Blisswood Village Home Owners Assn. v. Genesis Real Estate Holdings Group*, 8th Dist. Cuyahoga No. 106583, 2018-Ohio-4215, ¶ 19.

{¶ 21} Because there is no transcript of the probate court's hearing on Fields's application, we presume the court initially considered the preferred class of family members, particularly Sharla and her other sisters, and determined that none of Jenkins's daughters were suitable for the task of administration of the estate. We also presume that in appointing Fields, the court properly considered the relevant factors and determined that Fields was "reasonably disinterested" and was "in a position to reasonably fulfill the obligations of a fiduciary." *In re Estate of Henne*, 66 Ohio St.2d 232, 421 N.E.2d 506, at paragraph two of the syllabus.

{¶ 22} In light of the above, we cannot find that the trial court abused its discretion in appointing Fields as administrator of Jenkins's estate.

{¶ 23} Within the context of her first assignment of error alleging the improper appointment of Fields as administrator, Sharla seems to argue that the probate court erred in denying Sharla's motion to remove Fields as administrator filed nearly one year later. To the extent Sharla contends the probate court erred in not removing Fields as administrator, we find no merit for the reasons outlined above.

{¶ 24} R.C. 2109.24 governs the resignation and removal of a fiduciary. The statute provides that the court may remove a fiduciary for failing to file an inventory

or for failing "to render a just and true account of the fiduciary's administration at the times [statutorily] required." *Id.* The statute also permits a probate court to remove a fiduciary "for habitual drunkenness, neglect of duty, incompetency, or fraudulent conduct, because the interest of the property, testamentary trust, or estate that the fiduciary is responsible for administering demands it, or for any other cause authorized by law."

{¶ 25} Sharla apparently argues that Fields engaged in several improprieties as administrator, including filing an incomplete and inaccurate inventory and final accounting, improperly distributing the decedent's personal items, causing the cremation of the decedent and the distribution of the decedent's ashes against the decedent's wishes, and inappropriately "bonding" with the former executor, Shera. The probate court denied Sharla's motion, finding that Sharla failed to provide "any statutory reason for removal." The court further found Sharla's motion "a rambling, incoherent recital of claims that have already been addressed."

{¶ 26} Because there is no transcript of the hearing on the motion to remove Fields as administrator, we must presume regularity. In so doing, we presume the trial court properly considered Sharla's motion and correctly found, based upon any purported evidence advanced in support of the motion, no evidence of conduct outlined in R.C. 2109.24 warranting Fields's removal.

{¶ 27} Sharla's first assignment of error is overruled.

### Inventory and Appraisal

{¶ 28} In her second assignment of error, Sharla contends that the court's approval of the inventory and appraisal was improper.  In support, Sharla appears to contest the distribution of the decedent's personal items, she maintains that Fields determined the value of the household goods "sight unseen," and she asserts that the inventory was incomplete.

{¶ 29} R.C. 2115.02 provides that the executor or administrator of an estate shall file "an inventory of the decedent's interest in real property located in this state and of the tangible and intangible personal property of the decedent that is to be administered and that has come to the executor's or administrator's possession or knowledge."  *See also* R.C. 2115.05.  The inventory must include the values of the items as of the date of the death of the decedent, and any asset, "the value of which is readily ascertainable," need not be appraised but must be included in the inventory.  R.C. 2115.02.  "Inventory" includes appraisement.  R.C. 2115.01.

{¶ 30} Additionally, the inventory must contain an account "of all moneys that belong to the deceased and have come into the possession or under the control of the executor or administrator."  R.C. 2115.09.

{¶ 31} Pursuant to R.C. 2115.16, the probate court must conduct a hearing on the inventory.  Exceptions to the inventory may be filed "at any time prior to five days before the date set for the hearing or the date to which the hearing has been continued by any person interested in the estate or in any of the property included in the inventory," excepting cases of fraud or alleged concealment of assets.  *Id.*

{¶ 32} The probate court's hearing of exceptions to an inventory "'is a summary proceeding conducted by the probate court to determine whether those charged with the responsibility of filing an inventory have included in the decedent's estate more or less than the decedent owned at the time of his or her death.'" *In re Estate of Brown,* 8th Dist. Cuyahoga No. 103867, 2016-Ohio-3074, ¶ 12, quoting *In re Estate of Platt*, 148 Ohio App.3d 132, 2002-Ohio-3382, 772 N.E.2d 198, ¶ 13 (11th Dist.). The party disputing the estate's inventory has the burden of proving the existence of assets he or she claims should have been included on the inventory. *Brown* at ¶ 13, citing *In re Estate of Haas*, 10th Dist. Franklin No. 07AP 512, 2007-Ohio-7011, ¶ 43.

{¶ 33} This court reviews the probate court's approval or denial of an inventory and appraisal for an abuse of discretion. *Brown* at ¶ 14, citing *Estate of Luoma*, 11th Dist. Lake No. 2011-L-006, 2011-Ohio-4701, ¶ 20.

{¶ 34} Here, Sharla filed exceptions to the inventory on October 18, 2016, claiming that an estate account was never opened, another sister has been withdrawing funds from her mother's account, and her mother's personal items were improperly distributed. On December 16, 2016, the magistrate recommended denying Sharla's exceptions. In recommending the court deny Sharla's exceptions to the inventory, the magistrate considered the evidence and testimony presented and found as follows:

> [Sharla] focused a great deal of attention on the lack of an estate checking account. That would normally not be an issue until an actual account was due. Funds had been deposited with a memorial chapel

for cremation services, so there were actually no funds to deposit into an estate checking account. This exception has no merit.

* * * Fields has attempted to locate additional accounts which [Sharla] believes existed. [Fields's] investigation has not led to any additional financial assets.

[P]hone transfers totaling approximately $1,000 were made from the decedent's Citizens [Bank] checking account prior to her death. While these phone transfers were probably made by one of [Sharla's] sisters, Fields made the reasonable determination that it would not be in [the] estate's best interest to pursue this matter.

[A] division of household goods and jewelry was completed by Fields after reviewing the "wish lists" submitted by the heirs. Where some items were requested by multiple parties, Fields made the final decision as to the division. These decisions were reasonable under the circumstances. This also has nothing to do with the actual inventory

[A]fter a thorough examination of the testimony and the court records, it is clear that the successor administrator * * * has correctly inventoried the assets of this estate. She has also properly distributed the tangible personal property in kind after allowing input from the heirs.

* * * Based upon the evidence and testimony presented, Fields has faithfully discharged her duties as successor administrator.

{¶ 35} Sharla filed objections to the magistrate's decision, reiterating the arguments contained in her exceptions. In response, Fields asserted that she has been "harassed incessantly" by several heirs since her appointment as administrator of Jenkins's estate; she has attempted to resolve the matters, despite the harassing and dilatory conduct of the heirs; there are few assets in the estate and opening an estate account is not advisable; the administrator has been unable to locate any additional assets, including the purported lottery winnings; the assets included in the inventory are the only assets that remained in Jenkins's estate; and she

attempted to divide the decedent's personal items equally among the heirs, including the decedent's jewelry.

{¶ 36} The probate court adopted the magistrate's recommendations concerning the inventory on January 31, 2017, and dismissed Sharla's objections. In adopting the magistrate's decision, the court found that Fields correctly inventoried the assets of the estate and properly distributed the tangible personal property in kind after allowing input from the heirs.

{¶ 37} Civ.R. 53(D)(3)(b)(i) provides that "[a] party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)." Where a party objects to a factual finding, whether or not it is specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), the objection "shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." Civ.R. 53(D)(3)(b)(iii).

{¶ 38} The objecting party bears the burden of supplying the trial court with a basis to dispute the magistrate's factual findings. *In re A.L.*, 8th Dist. Cuyahoga No. 99040, 2013-Ohio-5120, ¶ 11. And where a party fails to timely file a transcript or affidavit of evidence, the party waives any objection to the magistrate's factual findings. *Id.*, citing *Ramsey v. Hurst*, 5th Dist. Licking No. 12-CA-70, 2013-Ohio-2674, ¶ 23. Thus, "if the objecting party fails to file a proper transcript of all relevant testimony with his or her objections, a trial court's review is necessarily limited to

the magistrate's conclusions of law." *Vannucci v. Schneider*, 8th Dist. Cuyahoga No. 104598, 2017-Ohio-192, ¶ 17; *see also James v. My Cute Car, L.L.C.*, 10th Dist. Franklin No. 16AP-603, 2017-Ohio-1291, ¶ 15.

{¶ 39} Likewise, the failure to file a transcript or affidavit of evidence with the trial court under Civ.R. 53(D)(3)(b)(iii) waives all factual challenges to the magistrate's decision on appeal. *Van Dress Law Offices Co., L.L.C. v. Dawson*, 8th Dist. Cuyahoga No. 105189, 2017-Ohio-8062, ¶ 21. "[W]here a party files objections to a magistrate's decision in the trial court but does not support those objections with a transcript or affidavit, that party is precluded from arguing on appeal that the trial court erred in its factual determinations." *Gill v. Grafton Corr. Inst.*, 10th Dist. Franklin No. 09AP-1019, 2010-Ohio-2977, ¶ 14.

{¶ 40} Appellate review of the trial court's findings is therefore limited to determining whether the trial court abused its discretion in adopting the magistrate's decision or, stated differently, whether the trial court's application of the law to its factual findings constituted an abuse of discretion. *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 730, 654 N.E.2d 1254 (1995); *Dawson*; *see also State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), paragraph one of the syllabus ("A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter.").

{¶ 41} Sharla's objections related purely to the magistrate's factual findings. Yet there is no evidence in the record that Sharla filed a transcript of the proceedings

or an affidavit of evidence in support of her objections to the magistrate's decision before the trial court or on appeal. Without a transcript to contradict the factual findings of the magistrate and the trial court, Sharla has failed to demonstrate error concerning the inventory, and the trial court's decision approving the inventory and appraisal must be affirmed. *In re R.L.H.*, 8th Dist. Cuyahoga No. 100327, 2014-Ohio-3411, ¶ 25.

{¶ 42} Sharla's second assignment of error is overruled.

Amended Final Account

{¶ 43} In her final assignment of error, Sharla contests the amended final account. As best we can discern, Sharla argues that she became aware of three checking accounts at Citizens Bank but the amended final account does not include these accounts. She asserts that these purportedly additional funds were not dispersed. Sharla also apparently claims she did not receive certain jewelry from her mother's estate.

{¶ 44} Regarding a final account, an administrator must render a final account of the administration of the estate in accordance with R.C. 2109.301. R.C. 2109.30(A) and (B). Under R.C. 2109.301(A),

> [a]n administrator or executor shall render an account at any time other than a time otherwise mentioned in this section upon an order of the probate court issued for good cause shown either at its own instance or upon the motion of any person interested in the estate. Except as otherwise provided in division (B)(2) of this section, an administrator or executor shall render a final account within thirty days after completing the administration of the estate or within any other period of time that the court may order.

{¶ 45} Every account shall include an itemized statement of all receipts of the administrator or executor during the accounting period and of all disbursements and distributions made by the executor or administrator during the accounting period. In addition, the account shall include an itemized statement of all funds, assets, and investments of the estate known to or in the possession of the administrator or executor at the end of the accounting period and shall show any changes in investments since the last previous account.

{¶ 46} The statute also requires the probate court to hold a hearing on the final account. R.C. 2109.32. And an interested party may file exceptions to the final account. R.C. 2109.33.

{¶ 47} The administrator has the burden of establishing the validity of an account. *In re Estate of Butler*, 137 Ohio St. 96, 105, 28 N.E.2d 186 (1940), citing *Steward v. Barry*, 102 Ohio St. 129, 131 N.E. 492 (1921), paragraph four of the syllabus; *see also Talbott v. Fisk*, 10th Dist. Franklin Nos. 02AP-427 and 02AP-428, 2002-Ohio-6960, ¶ 30. The exceptor, however, has the initial burden of proving the existence of assets she claimed were not, but should have been, included in the account as assets of the estate. *Steward* at paragraph three of the syllabus; *Bolen v. Humes*, 94 Ohio App. 1, 114 N.E.2d 281 (5th Dist.1951), paragraph six of the syllabus; *see also In re Estate of Haas*, 10th Dist. Franklin No. 07AP-512, 2007-Ohio-7011, ¶ 43 ("[T]he party who was disputing the estate's inventory * * * had the burden of going forward with, or of producing evidence, that challenged the estate's inventory.").

{¶ 48} Here, Sharla filed exceptions to the final account (September 6, 2017) and the amended final account (December 19, 2016), raising essentially the same issues she raised in her exceptions to the inventory and appraisal. On April 19, 2018, the magistrate recommended denying Sharla's exceptions to the final account and the amended final account. In recommending the court deny Sharla's exceptions, the magistrate considered the evidence presented and found as follows:

> [A]ll of the exceptor's arguments have been previously dealt with in prior hearings. Fields has attempted to locate additional accounts which [Sharla] believed existed. The decedent received proceeds from the Ohio Lottery many years before her death; it appears that the funds were used by the decedent long before her death. Citizens Bank provided an estimate of $943 in costs to obtain statements and checks for the period commencing January 10, 2010. None of the heirs can advance the costs to conduct this further investigation. As there are no funds remaining in the estate, it is not cost effective for the administrator to pursue her investigation, especially since it is unlikely to lead to any additional financial assets. Fields made the reasonable determination that it would not be in the estate's best financial interest to pursue this matter.

{¶ 49} The magistrate further found that Fields's distribution of the household goods and jewelry was reasonable under the circumstances and that Fields properly distributed the tangible personal property in kind. Finally, the magistrate found that Fields had satisfactorily accounted for the assets of the estate that came under her control and documented the payment of the estate expenses. Thus, the magistrate concluded, the administrator satisfactorily administered the estate.

{¶ 50} Sharla objected to the magistrate's decision. The probate court found her objections to be without merit and adopted the magistrate's decision concerning

the final account and the amended final account on May 24, 2018. In so doing, the court stated that Sharla's objection was "primarily a request for bank records which [Sharla] believes will reveal assets owned by the decedent." The court found that Sharla's objections raised in the exceptions to the amended final account were the same as the arguments raised in her exceptions to the inventory and appraisal and judgment had been rendered on those exceptions. The court further found that "there has been no evidence presented * * * that there exist bank accounts or other assets other than what has been reported by the administrator." Finally, the court found that Sharla failed to provide the court a transcript of the hearing before the magistrate or an affidavit of evidence as required by Civ.R. 53(D)(3)(b)(iii).

{¶ 51} For the reasons outlined in this court's discussion of Sharla's second assignment of error, we must overrule her third assignment of error. Sharla disputes the magistrate's factual findings. Yet Sharla did not file a transcript of the proceedings or an affidavit of evidence in support of her objections to the magistrate's decision before the trial court or on appeal. In the absence of a transcript to contradict the factual findings of the magistrate and the trial court, Sharla has failed to demonstrate error concerning the final account or amended final account, and the trial court's decision approving the amended final account must be affirmed. *In re R.L.H.*, 8th Dist. Cuyahoga No. 100327, 2014-Ohio-3411, at ¶ 25.

{¶ 52} Sharla's final assignment of error is overruled.

{¶ 53} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, probate division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

MARY EILEEN KILBANE, A.J., and
EILEEN A. GALLAGHER, J., CONCUR